**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

J.H.,

    Plaintiff,

v.

EMBRY VILLAGES S.C., LLC; CT
HOTELS, LLC; *and* DIPLOMAT CT
HOTELS, LLC,

    Defendants.

CIVIL ACTION FILE
NO. 1:26-cv-01430-VMC

**PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND
LEAVE TO PROCEED ANONYMOUSLY**

Plaintiff asks that this Court allow her to bring this action anonymously and to grant a protective order under Federal Rule of Civil Procedure 26(c) that ensures, among other things, that Defendants keep Plaintiff's identity confidential during and after this action.

**FACTUAL BACKGROUND**

In the Complaint, Plaintiff J.H. alleges that she was forcibly trafficked for sex at the Motel 6 formerly located at 3585 Chamblee Tucker Road, Atlanta, Georgia ("Motel 6") in 2015, beginning when Plaintiff J.H. was 14 years old. Plaintiff's trafficker was violent with her and used physical force to control and dominate her. She was a minor for the entire duration of her trafficking at the Motel 6.

Plaintiff is a victim who has suffered violence, threats of violence, and exploitation at the hands of her trafficker both on and off the hotel premises owned and operated by Defendant. Plaintiff has legitimate safety concerns about possibly facing violent retaliation if publicly identified in this case. Given the intimate and private nature of the information that Plaintiff and other witnesses must disclose during this case, Plaintiff (and other victim-witnesses who are potential sex trafficking victims) does not wish to be publicly identified as a sex trafficking victim. Plus, Plaintiff has a legitimate fear of retaliation to herself and her immediate family from her former sex traffickers and their known associates—especially since they have already shown a willingness to use violence and control to intimidate them. Additionally, Plaintiff has reason to believe that her trafficker may no longer be in custody and, thus, faces an increased potential threat to her safety and well-being.

## ARGUMENT AND CITATION OF AUTHORITY

Generally, parties to a lawsuit must identify themselves in their respective pleadings under Federal Rule of Civil Procedure 10(a). *Roe v. Aware Women Ctr. for Choice, Inc.*, 253 F. 3d 678, 684–85 (11th Cir. 2001). But "there are some circumstances in which a plaintiff may proceed anonymously." *Doe v. Barrow Cnty.*, 219 F.R.D. 189, 191 (N.D. Ga. 2003).

To decide whether a plaintiff may proceed anonymously, the Eleventh Circuit has held that the ultimate test is "whether the plaintiff has a substantial privacy right

which outweighs the 'customary and constitutionally embedded presumption of openness in judicial proceedings.'" *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992) (per curiam) (quoting *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. Unit A Aug. 1981)). When deciding whether a plaintiff may proceed anonymously, the trial court may consider many factors. Most relevant here, these factors include "whether the plaintiffs were minors, whether they were threatened with violence or physical harm by proceeding in their own names, and whether their anonymity posed a unique threat of fundamental unfairness to the defendant." *Plaintiff B v. Francis*, 631 F.3d 1310, 1316 (11th Cir. 2011) (citations omitted); *see also Doe v. Archdiocese of Atlanta*, 328 Ga. App. 324, 331, 761 S.E.2d 864, 870 (2014) (applying *Francis*). Also relevant, whether a lawsuit compels plaintiffs to "admit their intention to engage in illegal conduct" further favors anonymity. *Frank*, 951 F.2d at 323. These and other factors are relevant, but there is neither a "rigid . . . test for the propriety of party anonymity" nor is "the presence of one factor meant to be dispositive." *Id.* (quoting *Stegall*, 653 F.2d at 185).

Multiple factors justify permitting Plaintiff to proceed anonymously. *First*, Plaintiff's case requires disclosure of information of a sensitive and highly personal nature, specifically, that Plaintiff is a victim of sex trafficking. *Second*, Plaintiff (and other potential victim-witnesses) risks suffering both physical and psychological harm from former traffickers and those traffickers' known and unknown affiliates.

Here, the totality of the circumstances warrants allowing Plaintiff (and potential victim- witnesses) to proceed anonymously because her privacy and safety outweigh the presumption that a party must identify themselves in court. Thus, the Court should grant Plaintiff's motion.

## I.    Plaintiff's identity and the identities of other sex trafficking victims are intimate information.

Plaintiff and innocent nonparties have a substantial privacy right to avoid disclosure of sensitive and highly personal information in this lawsuit. "'Where the issues involved are matters of a sensitive and highly personal nature' . . . the normal practice of disclosing the parties' identities 'yields to a policy of protecting privacy in a very private matter.'" *Francis*, 631 F.3d 1310, 1316–17 (quoting *So. Methodist Univ. Ass'n of Women Law Students v. Wynn & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979)). In *Francis*, the Eleventh Circuit held that descriptions of the plaintiffs while nude and engaging in explicit sexual conduct "could not be of a more sensitive and highly personal nature"; thus, the district court erred by failing to consider this fact when it denied plaintiffs leave to proceed anonymously. *Id.* at 1317.

Similarly, the issues in this case involve graphic descriptions of Plaintiff (and innocent nonparties) engaged in coerced sexual activity. This case requires the disclosure of deeply personal and intimate details of Plaintiffs' (and potentially, others') exploitation as a victim of sex trafficking at the motel owned and operated by the defendants—including while Plaintiff was a minor. Plaintiff is a victim. But,

despite her innocence, many of the activities she was forced to engage in are laden with public stigma that is rarely tempered by consideration of her victimhood. Disclosure of her identity in connection with the issues in this case only adds further insult to the already incalculable injury she suffered as a victim of forcible, and violent, sex trafficking. That is, it only multiplies her damages. The rules do not require that she endure such injury.

An additional factor supports Plaintiff's request to proceed anonymously. The Eleventh Circuit has recognized that whether a plaintiff has to admit an intent to engage in prohibited conduct is relevant to whether a plaintiff can proceed anonymously. *Frank*, 951 F.2d at 324. Here, Plaintiff and witnesses may be required to admit, among other things, that they were involved in conduct constituting acts of forced prostitution. Accordingly, this factor also weighs heavily in favor of granting Plaintiff's motion.

## II.    Plaintiff and victim-witnesses were threatened with and experienced violence from their traffickers.

Another factor the Eleventh Circuit considers is whether a plaintiff "may expect extensive harassment and perhaps even violent reprisals if their identities are disclosed . . . ." *Stegall*, 653 F.2d at 186. Here, Plaintiff fears just that.

Courts in this district have granted applications to proceed anonymously under such circumstances. In *Doe v. Barrow County*, the court considered the plaintiff's fear of community retaliation for filing his lawsuit, a challenge to a public

display of the Ten Commandments. 219 F.R.D. at 194. The court granted Plaintiff permission to proceed anonymously.

Plaintiff's fear of retaliation from her former sex traffickers and their associates similarly warrants granting her motion. Plaintiff already suffered substantial psychological and physical harm at the hands of sex traffickers. Other victim-witnesses will likely have had the same experiences. Plaintiff and those victim-witnesses have legitimate reasons to fear that litigating without the protection of anonymity could expose them or their families to violent retaliation, now or in the future. The threat of such violent reprisals alone favors anonymity.

## III. The public's interest in knowing the identity of Plaintiff and other sex-trafficking victims is weak.

As the Eleventh Circuit has acknowledged, "[t]he equation linking the public's right to attend trials and the public's right to know the identity of the parties is not perfectly symmetrical," and "[p]arty anonymity does not obstruct the public's view of the issues joined or the court's performance in resolving them." *Stegall*, 653 F.2d at 185. Here, public knowledge of Plaintiff's identity serves no significant purpose. But the desire of Plaintiff and other victim-witnesses to remain anonymous and to not endanger themselves or their families is compelling in contrast. Public disclosure of Plaintiff's identity and the identities of other victim-witnesses may deter participation in this case, may deter victims from enforcing federal and state rights in other, similar cases, and have a broad chilling effect on the litigation of

6

heinous illegal acts and those against persons who financially benefit therefrom under 18 U.S.C. § 1595(a) and related statutes.

**IV.    The anonymity of Plaintiff and other victim-witnesses does not pose a risk of fundamental unfairness to Defendants.**

In *Plaintiff B*, the Eleventh Circuit found the defendants were not prejudiced by the plaintiff's anonymity, weighing in favor of granting plaintiff's motion to proceed anonymously, where the defendants were aware of the plaintiff's identities and were not barred from conducting a full range of discovery in building a defense for trial. 631 F.3d at 1319.

Here, Plaintiff's anonymity will not be fundamentally unfair. Plaintiff will confidentially disclose her identity to Defendants subject to protective order. Plaintiff and other victim-witnesses will participate in discovery, like any other party in federal court, once an appropriate protective order is in place to limit the dissemination of sensitive and highly intimate evidence in their possession as well as their identities.

**CONCLUSION**

For the foregoing reasons, the Court should grant Plaintiff's Motion for Protective Order and Leave to Proceed Anonymously and should further order that all materials filed in this action, all judgments, and any other documents relating to this action shall refer to Plaintiff as "Plaintiff" or "J.H." and refer pseudonymously

7

to witnesses identified by a party as victims of sex trafficking, as well as Plaintiff's family members, without additional identifying information.

A proposed order granting Plaintiff's motion is provided herewith as Exhibit 1.

Respectfully submitted this 20th day of March, 2026.

ANDERSEN, TATE & CARR, P.C.

/s/ Stephen Morrison
PATRICK J. MCDONOUGH
Georgia Bar No. 489855
pmcdonough@atclawfirm.com
JONATHAN S. TONGE
Georgia Bar No. 303999
jtonge@atclawfirm.com
STEPHEN D. MORRISON, III
Georgia Bar No. 700828
smorrison@atclawfirm.com
JENNIFER M. WEBSTER
Georgia Bar No. 760381
jwebster@atclawfirm.com
Attorneys for Plaintiff

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 236-9784 | Facsimile

## CERTIFICATE OF COMPLIANCE

Under Local Rules 5.1(C) and 7.1(D), I hereby certify that the foregoing filing

complies with the applicable font type and size requirements and is formatted in

Times New Roman, 14-point font.

ANDERSEN, TATE & CARR, P.C.


*/s/ Stephen Morrison*
PATRICK J. MCDONOUGH
Georgia Bar No. 489855
pmcdonough@atclawfirm.com
JONATHAN S. TONGE
Georgia Bar No. 303999
jtonge@atclawfirm.com
STEPHEN D. MORRISON, III
Georgia Bar No. 700828
smorrison@atclawfirm.com
JENNIFER M. WEBSTER
Georgia Bar No. 760381
jwebster@atclawfirm.com
*Attorneys for Plaintiff*


One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 822-9680 | Facsimile