## THIRD AMENDMENT TO LEASE AGREEMENT

THIS **THIRD AMENDMENT TO LEASE AGREEMENT** (this "Amendment") is entered into as of June 21, 2013 and shall be effective as of the Effective Date (as hereinafter defined), by and between **EMBRY VILLAGE S.C., LLC**, a Georgia limited liability company (the "Landlord"), and    **DIPLOMAT CT HOTELS, LLC**, a Georgia limited liability company ("Tenant").

### RECITALS

**WHEREAS**, pursuant to that certain Lease dated February 4, 1999 (the "Original Lease"), Embry Development Company, Inc., predecessor in interest to Landlord, did lease and demise unto Tenant certain premises in the Embry Village Shopping Center located in Atlanta, Georgia, as more particularly described therein (the "Leased Premises"); and

**WHEREAS**, the Original Lease was amended by that certain First Amendment to Lease dated October 25, 2005 by and among WB Embry, LLC, predecessor in interest to Landlord, R.C. Patel, as guarantor ("Guarantor") and Tenant (the "First Amendment"); and

**WHEREAS**, the Original Lease and the First Amendment were further amended by that certain First [sic] Amendment to Lease dated December 1, 2010 by and between Landlord and Tenant (the "Second Amendment") (the Original Lease, as amended by the First Amendment, as further amended by the Second Amendment, and as may be amended, modified or assigned from time to time shall be hereinafter collectively referred to as the "Lease"); and

**WHEREAS**, on August 2, 2012, after Tenant defaulted under the terms of the Lease, Landlord initiated eviction proceedings against Tenant in the Magistrate Court of DeKalb County, Case No. 12-D-28652 (the "Eviction Litigation"); and

**WHEREAS**, Tenant filed for protection under Chapter 11 of the United States Bankruptcy Code on September 7, 2012 (the "Petition Date") in the United States Bankruptcy Court, Northern District of Georgia, Case No. 12-72524-JEM (the "Bankruptcy Proceeding"), and due to the Bankruptcy Proceeding, the Eviction Litigation is currently stayed; and

**WHEREAS**, Landlord, Tenant and Guarantor entered into that certain Settlement Agreement dated June 21, 2013 (the "Settlement Agreement"); and

**WHEREAS**, pursuant to the terms of the Settlement Agreement, Landlord, Tenant and Guarantor desire to amend the Lease as more particularly provided herein.

**NOW, THEREFORE**, for good and valuable consideration, the receipt and legal sufficiency of which are hereby acknowledged by the parties hereto, the parties hereby agree as follows:

2529946-3 4749.0020000

1.    **Recitals and Definitions**. The above referenced recitals are incorporated herein by reference as though more fully set forth herein. All terms not otherwise defined herein shall have the same meaning ascribed to them in the Lease unless the context otherwise requires.

2.    **Condition Precedent to Effectiveness of this Amendment**. Subject to the terms and conditions set forth in the Settlement Agreement, Landlord and Tenant acknowledge and agree that this Amendment shall not be effective unless and until Tenant pays the Cure Amount (as defined in the Settlement Agreement) to Landlord prior to the expiration of the Cure Period (as defined in the Settlement Agreement) as provided in Section 3(a) of the Settlement Agreement (the "Condition Precedent"). This Amendment shall be held in escrow by Landlord pending satisfaction of the foregoing Condition Precedent pursuant to Section 3(h) of the Settlement Agreement. In the event the Condition Precedent is not satisfied as required therein or in the event a Material Default (as defined in the Settlement Agreement) occurs prior to the satisfaction of the Condition Precedent that is not cured during the cure period provided in Section 4(b) of the Settlement Agreement, this Amendment shall be null and void and be of no force and effect. If the Condition Precedent is satisfied as required therein, then this Amendment shall be released from escrow by Landlord and shall become effective as of the date the Condition Precedent is satisfied by Tenant (the "Effective Date").

3.    **Amendments to Lease**.

(a)    Article 4 of the Second Amendment is hereby deleted in its entirety and the following is inserted in lieu thereof "Intentionally Omitted".

(b)    The reference to "Article 2(A) and (B)" in Article 3(D) of the Second Amendment is hereby deleted and "Article 3(A) and (B)" is inserted in lieu thereof.

(c)    The reference to "Article 1(A) and (B)" in Article 3(E) of the Second Amendment is hereby deleted and "Article 3(A) and (B)" is inserted in lieu thereof.

(d)    As of the Effective Date, the Total Arrears set forth in Article 3(B) of the Second Amendment has been paid in full by Tenant, and Tenant is no longer required to pay ███████████████████████████ ($███████) each month as additional Rent as set forth in said Article.

(e)    Notwithstanding anything contained in the Lease to the contrary, in the event Tenant defaults under the Lease (including, without limitation, a default under Articles 3(D) and (E) of the Second Amendment), the reduced rent provisions set forth in Article 3(A) of the Second Amendment shall be deemed null and void, and Tenant shall be required to  pay the annual base minimum rental and percentage rent set forth in the paragraph entitled "Rental" in the Original Lease for the remainder of the term of the Lease.  The foregoing annual base minimum rental and percentage rent shall be in addition to any other charges (such as common area maintenance costs, insurance costs, real estate taxes, or utility charges) due or which become due under the Lease at any time.

(f)    Notwithstanding anything contained in the Lease to the contrary, at all

times during the term of the Lease, Tenant shall use best efforts to keep the Leased Premises free of any and all criminal activity.  Upon Landlord's request, Tenant shall provide documentary evidence of Tenant's best efforts to prevent criminal activity at the Leased Premises.  Tenant shall report all incidents of crime to Landlord within twenty-four (24) hours of occurrence.  Tenant acknowledges that Tenant's agreements in this Section 3(e) are a material inducement for Landlord to enter into this Amendment and without which Landlord would not have entered into this Amendment.  Failure to comply with the foregoing shall constitute a default under the Lease.

4.    **No Further Amendments; Ratification**.  Except as expressly modified by this Amendment, all other terms and conditions set forth in the Lease remain unchanged, and the Lease, as modified and amended by this Amendment, is and remains in full force and effect. Tenant and Landlord hereby ratify and confirm the Lease as amended hereby.

5.    **Binding Effect**.  This Amendment shall be binding upon and insure to the benefit of the parties, and their respective heirs, executors, administrators, successors and assigns.

6.    **Entire Agreement; Amendment; Waiver**.  This Amendment and the Lease (as modified by this Amendment) set forth the entire understanding and agreement between the parties hereto with respect to the subject matter hereof, and supersedes all prior discussions, understandings and agreements (whether oral or written) relating hereto.  No amendment to, or modification or waiver of, any of the terms of this Amendment shall be valid unless in writing and signed by the party against whom enforcement of such amendment, modification, or waiver is sought.

7.    **Governing Law**.  This Amendment shall be governed by and construed in accordance with the internal laws of the State of Georgia, without giving effect to its conflicts of laws provisions.

8.    **Review with Counsel; Interpretation**.    Each of Landlord and Tenant acknowledges and agrees that it has read and understands this Amendment, that it represents the product of arms' length bargaining among the parties, and that it signs this Amendment voluntarily and without coercion.  Each of Landlord and Tenant further acknowledges that it was given the opportunity to consult with an attorney of its own choosing concerning this Amendment, that it has done so, and that any and all understandings and agreements set forth herein are knowing, conscious, and with full appreciation of their respective obligations hereunder.  The terms of this Amendment are the product of joint draftsmanship by the parties, and any ambiguities in this Amendment shall not be construed against any of the parties because of draftsmanship.

9.    **Severability**.   In case any one or more of the provisions contained in this Amendment shall for any reason be held to be invalid, illegal or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provision hereof, and this Amendment shall be construed as if such invalid, illegal, or unenforceable provision had never been contained herein.

10.    **Counterparts**.  This Amendment may be executed in one or more counterparts,

2529946-3 4749.0020000

each of which shall be deemed an original, but all shall constitute one and the same Amendment.

11.    **Authority**. Each person signing this Amendment hereby represents and warrants in his or her individual capacity that he or she is duly authorized to execute and deliver this Amendment on behalf of the party for whom they are signing, and that this Amendment, as so executed by them, constitutes the legal, valid and binding obligation of the party on whose behalf they are signing.

12.    **Miscellaneous**.

(a)    Tenant acknowledges that no default exists on the part of the Landlord under the Lease as of the date hereof.

(b)    In the event of a discrepancy between the Lease and this Amendment, the provisions of this Amendment shall prevail.

(c)    Tenant represents and warrants to Landlord that Tenant has not dealt with any broker in connection with this Amendment, and Tenant does hereby agree to defend, indemnify and hold Landlord harmless of and from any claim of or liability to any broker, finder, or like agent with whom Tenant may have dealt in connection with this transaction.

**[SIGNATURES APPEAR ON THE FOLLOWING PAGE.]**

**IN WITNESS WHEREOF,** the parties hereto have caused this Amendment to be executed under seal the day and year first above written.

Signed, sealed and delivered
in the presence of:

_Hannah Prager_
Witness

_[signature]_
Notary Public

My Commission Expires: 7/24/2017

[Notarial Seal]



**LANDLORD**:

**EMBRY VILLAGE S.C., LLC**, a Georgia limited liability company

By: Embry Village Holdco, LLC, its Sole Member

    By: Kimco Income Fund II, L.P., its Sole Member

        By: Kimco Income Fund II GP, Inc., its General Partner

By: _[signature]_ (Seal)
Name: _Paul Puma_
Title: _Vice President_

[Signatures continue on Following Page.]

2529946-3 4749.0020000

Signed, sealed and delivered
in the presence of

_Gaile Whisnant_
Witness

_Mary Marett_
Notary Public

My Commission Expires: 9-9-16

[Notarial Seal]

**TENANT**:

**DIPLOMAT CT HOTELS, LLC**, a Georgia
limited liability company



By: _____ (Seal)
Name:_____
Title: _____ Mara_____
*As approved by the Bankruptcy Court, Dkt. No.
72, United States Bankruptcy Court, Northern
District of Georgia, Case No. 12-72574-JLM*

Signed, sealed and delivered
in the presence of:

**GUARANTOR:**

_____
Witness

_____ (Seal)
**R.C. PATEL, individually**

_____
Notary Public

My Commission Expires: _____

[Notarial Seal]