## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| J.H., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) Civil Action No. |
| v. | ) 1:26-cv-01430-VMC |
| | ) |
| EMBRY VILLAGES S.C., LLC; | ) |
| CT HOTELS, LLC; and DIPLOMAT CT | ) |
| HOTELS, LLC, | ) |
| | ) |
|     Defendants. | ) |

### DEFENDANT EMBRY VILLAGES S.C., LLC'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

COMES NOW, Defendant Embry Villages S.C., LLC., named as one of the Defendants in the above-styled case, and submits this its Brief in Support of its Motion to Dismiss Plaintiff's Complaint, showing the Court as follows:

### I.    INTRODUCTION

#### A.    Shotgun pleading.

Plaintiff's Complaint seeks to expand TVPRA claims into a new class of defendants, out-of-possession commercial landlords. It is unclear from the Complaint whether such an attempt to vastly expand the TVPRA is intentional or due to the general allegations that lump all of the Defendants together without making any distinction between the Defendants about each's role at the property.

The factual allegations against Embry Villages S.C., LLC., are not only sparse but conclusory and therefore legally insufficient. Plaintiff does not provide factual allegations to show how Embry Villages S.C., LLC., arguably violated the TVPRA. Rather, Plaintiff asks this Court to infer liability from nothing more than a landlord-tenant relationship.

Accordingly, Plaintiff's Complaint is an impermissible shotgun pleading, fails to state a claim upon which relief can be granted, and Embry Villages S.C., LLC., should be dismissed from the lawsuit.

### B.    TVPRA and Masha's Law claims

Two Eleventh Circuit decisions govern this motion. *Doe v. Red Roof Inns, Inc.*, 21 F.4th 714 (11th Cir. 2021) ("Red Roof"), established the four-element framework for TVPRA beneficiary claims and fixed the meaning of "participation in a venture" as taking part in a common undertaking involving shared legal risks and potential profit. And *A.G. v. Northbrook Industries, Inc.*, 171 F.4th 1257 ("*AG/GW*"), decided less than one month ago, is the controlling and most recent statement of the standard.[1] *AG/GW* confirmed that an **operator** does not participate

---

[1] The controlling authority on the participation-in-a-venture element is *A.G. v. Northbrook Industries, Inc.*, 171 F.4th 1257 (11th Cir 2026). Since *AG/GW* is not the controlling authority, prior district court opinions addressing the participation element offer limited guidance; those decisions did not have the benefit of the Circuit's clarification that shared legal risks and potential profits are required, that operator status does not change the analysis, and that a continuous business relationship with an alleged trafficker — even with knowledge of his activities — is not enough.

in a venture by renting rooms to a trafficker — even with actual knowledge of the trafficking — and made clear that a plaintiff must plausibly allege something more than ordinary commercial interaction and a continuous buyer-seller relationship. That "something more" has a defined meaning: shared legal risks and potential profits with the trafficker. If an operator cannot be held liable under these circumstances, it is difficult to see how an out-of-possession landlord could be held liable.

The Complaint alleges that Plaintiff's trafficker rented rooms at the Motel 6 for about a week at a time before leaving and going to another hotel and that hotel housekeeping staff and front desk staff observed conditions commonly associated with trafficking —condoms and request for towels and lines. All of the specific allegations refer to the Motel 6 staff. Employees of Embry Villages S.C., LLC., are never mentioned in the Complaint except for in conclusory allegations against all of the Defendants collectively. No identified employee is alleged to have taken any action at the trafficker's direction. No communication or coordination between Embry Villages S.C., LLC., and the trafficker is alleged. No shared objective, shared risk, or shared profit structure is alleged.

Measured against *AG/GW's* requirement of something more than an arm's-length commercial relationship, these allegations describe only ordinary room

3

rentals. They do not plausibly allege participation in a venture. The claim must be dismissed.

### C.    Nuisance

Georgia law is clear that an out-of-possession landlord cannot be held liable for a nuisance.  O.C.G.A. § 44-7-14 provides that "[h]aving fully parted with possession and the right of possession, the landlord is not responsible to third persons for damages resulting from the negligence or **illegal use of the premises by the tenant**" (emphasis supplied).  Further, Georgia Court of Appeals has repeatedly held that an out-of-possession landlord cannot be held liable for creating or maintaining a nuisance on the premises, affirming the well-settled principle that liability for nuisance does not attach where the tenant is in full possession. *Starks v. USG Real Estate Foundation III, LLC*, 361 Ga.App. 406 (2021); *Savannah State University Foundation, Inc. v. Lewis*, 370 Ga.App. 180 (2023).

Therefore, this claim must be dismissed for failure to state a claim upon which relief may be granted.

## II.    **FACTUAL BACKGROUND**

All of the factual allegations of the Complaint relate to Motel 6 staff.  Doc 1, Compl. ¶¶ 9, 13, 14, 15, 17, 18, 19, 20, 21, 22, 24, 29, 30, 31.  Embry Villages S.C., LLC., is only referred to in the Complaint with conclusory allegations made against

all Defendants. As set forth below, Embry Villages S.C., LLC., is the owner of the

property who leased the premises to Diplomat CT Hotels, LLC.

Diplomat CT Hotels, LLC entered into a lease agreement dated February 4,

1999 with Embry Development Company, Inc. *See Ex. A, Lease Agreement*[2]. The

lease specifically provided that

**Relationship of Parties**
It is understood and agreed that the relationship of the parties hereto is strictly that of Lessor and Lessee and that Lessor has no ownership in Lessee's enterprise and that this Lease shall not be construed as a joint venture or partnership. Lessee is not and shall not be deemed to be an agent or representative of Lessor.

See Ex. A, p. 7. The lease required:

**Use of Premises**
Premises shall be used for a Days Inn motel and no other purpose. Premises shall not be used for any illegal purpose, nor in violation of any valid regulation of any governmental body, nor in any manner to create any nuisance or trespass. Any change in the franchise or type of motel from a Days Inn must be approved in advance by Lessor, said approval shall not be unreasonably withheld. Lessor acknowledges that the Lessee may change the franchise to a national hotel or motel franchise in the future, with Lessor's prior written approval, which shall not be unreasonably withheld.

See Ex. A, p. 2. (emphasis supplied)

---

[2] In *Horsley v. Feldt,* 304 F.3d 1125, 1134 (11th Cir.2002), the Eleventh Circuit held that the court may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed. In this context, "undisputed" means that the authenticity of the document is not challenged. *Id.*

**Compliance with Governmental Regulations/Maintenance of Licenses and Permits**
Lessee shall, at its sole cost and expense, comply with all of the requirements of all municipal, State, and Federal authorities now in force or which may hereafter be in force pertaining to the Premises, and shall faithfully observe in the use of the Premises all municipal ordinances and State and Federal statutes now in force or which may be in force hereafter.

If any governmental license or permit shall be required for the proper lawful conduct of Lessee's business, then the Lessee, at its own expense, shall duly procure and thereafter maintain such licenses or permits and submit the same to inspection by Lessor.  Lessee shall, at Lessee's expense, at all times, comply with the requirements of each such license or permit.

Lessee agrees to take every precaution and whatever action may be necessary to ensure that no rooms on the Premises are rented to any persons for any illegal purpose or use.  Should Lessee become aware of any illegal activity, Lessee shall take immediate action to correct same.

See Ex. A, p. 4.  (emphasis supplied)

WB Embry, LLC is the successor in interest, regarding the Lease, to the interests of Embry Development Company, Inc.  *See Ex. B, First Amendment to Lease*. On October 25, 2005, that lease was amended by the First Amendment to Lease.  *See Ex. B, First Amendment to Lease*. On February 22, 2007, WB Embry of Delaware, LLC sold the Embry Village Shopping Center to Embry Village SC, LLC.  *See Ex. C, Change of Landlord*.  The lease agreement was amended a second time on December 1, 2010. *See Ex. D, First (sic) Amendment to Lease*.  The Third Amendment to Lease Agreement was entered on June 21, 2013. *See Ex. E, Third Amendment to Lease.*

### III.   LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R.

Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Mere "labels and conclusions" are insufficient. *Twombly*, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Although the factual allegations supporting a claim are accepted as true, "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002). Under this familiar standard, the Court can determine with certainty on the face of the pleadings that Plaintiff's Complaint fails to state a claim as a matter of law against Embry Village and, therefore, this Defendant's motion to dismiss should be granted.

## II.    <u>ARGUMENT AND CITATION TO AUTHORITY</u>

### A. Plaintiffs' Complaint is an Impermissible Shotgun Pleading.

Eleventh Circuit precedent places Plaintiff's Complaint in the category of a "shotgun" pleading. Therefore, Plaintiff's Complaint is fatally defective and should be dismissed. *See Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1292, 1295 nn. 9 & 10 (11th Cir. 2002) ("this court has addressed the topic

of shotgun pleadings on numerous occasions in the past, often at great length and always with great dismay… Indeed, the aggregate negative effects of shotgun pleadings on trial courts have been noted with great concern by this court."); *see also Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 367 (11th Cir. 1996) (noting the 'cumbersome task of sifting through myriad claims, many of which may be foreclosed by various defenses' that judges face in connection with shotgun pleading.").

The Federal Rules of Civil Procedure demand that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief…" Fed. R. Civ. P. 8. There are four distinct types of impermissible shotgun pleadings, all of which violate the basic requirement of providing fair notice under Rule 8 of the Federal Rules of Civil Procedure. These include: (1) complaints where each count adopts all preceding paragraphs, resulting in cumulative and confusing counts; (2) complaints filled with conclusory, vague, or immaterial facts not clearly tied to any specific cause of action; (3) complaints that fail to separate each cause of action into a distinct count; and (4) complaints that assert multiple claims against multiple defendants without specifying which defendant is responsible for which act or omission. *See Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015). Here, as will be discussed below, the Complaint (1) incorporates every factual allegation into each count, and (4) asserts multiple claims against

8

multiple defendants without specifying which defendant is responsible for which act or omission.

"The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* When faced with a shotgun pleading, a court should strike the complaint and instruct the plaintiff to file a more definite statement. *See Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 984 (11th Cir. 2008) (collecting cases), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The Eleventh Circuit has repeatedly condemned the use of shotgun pleadings for "imped[ing] the administration of the district courts' civil dockets." *PVC Windows, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 806 n.4 (11th Cir. 2010). Shotgun pleadings require the district court to sift through allegations in an attempt to separate the meritorious claims from the unmeritorious, resulting in a "massive waste of judicial and private resources." *Id.* . Thus, the Eleventh Circuit has established that a shotgun pleading is an unacceptable form of establishing a claim for relief.

### 1. <u>The Complaint incorporates every factual allegation into each count.</u>

Each of the three (3) counts in the Complaint begins with the language that "Plaintiff incorporates the foregoing and all following allegations as if fully restated

9

therein." (Doc. 1,  Compl. ¶¶ 53, 67, 81, and 87.) This technique renders each count an undifferentiated amalgam of every factual allegation in the case, regardless of relevance. As the Eleventh Circuit explained in *Magluta v. Samples,* 256 F.3d 1282, 1284 (11th Cir. 2001), this structure results in "each count [being] replete with factual allegations that could not possibly be material to that specific count, and that any allegations that are material are buried beneath innumerable pages of rambling irrelevancies." All of these allegations are incorporated if fully restated therein against Embry Villages S.C., LLC., without ever identifying how an out-of-possession commercial landlord could be liable for the claims that are made.  The allegations could not possibly be material to an out-of-possession commercial landlord; thus, constitute an impermissible shotgun pleading. (*Id.* ¶ 101.)

### 2. **The Complaint is filled with conclusory allegations that fail to state a claim for relief against Embry Villages.**

It is well-established that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions" *and* "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Indeed, "although for the purposes of a motion to dismiss [the Court] must take all of the factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.* (citing *Twombly*, 550 U.S. at 555).

10

The United States Supreme Court has established that claims cannot be supported by "information and belief" without enough facts to make that statement plausible.  *Mann v. Palmer*, 713 F.3d 1306, 1315 (11th Cir. 2013).

> The Court does not accept as true unwarranted deductions of fact or legal conclusions masquerading as facts . . . . [T]he Court may dismiss a complaint if it does not plead enough facts to state a claim to relief that is plausible on its face. Although factual allegations in a complaint need not be detailed, those allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact. The mere possibility that the defendant might have acted unlawfully is not sufficient to allow a claim to survive a motion to dismiss.  Instead, the well-pleaded allegations of the complaint must move the claim "across the line from conceivable to plausible.

*Luster v. Inv'rs One Corp.*, No. 4:15-CV-190, 2016 WL 5339353, at *1 (N.D. Ga. Jan. 15, 2016), *report and recommendation adopted*, 2016 WL 5339735 (N.D. Ga. Feb. 4, 2016) (internal citations and quotations omitted), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 551 (2007); *see also Tamanji v. Nationstar Mortgage LLC*, 2014 WL 12513893, at *2 (N.D. Ga. Dec. 12, 2014) ("[s]ince the seminal decisions in *Twombly* and *Iqbal*, "for purposes of a Rule 12(b)(6) motion to dismiss, [courts] do not have to take as true allegations based merely upon information and belief.").

11

Despite the narrative of details regarding the staff at the Motel 6, the Complaint does not list any conduct of Embry Villages S.C., LLC., as the out-of-possession landlord of the property.

### B. The TVPRA Beneficiary Claim Requires Participation in a Venture — Four Elements

Section 1595(a) of the TVPRA provides a civil cause of action against "whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of [the TVPRA]." 18 U.S.C. § 1595(a). *Red Roof* held that a plaintiff asserting a beneficiary claim must plausibly allege that the defendant: (1) knowingly benefited, (2) from taking part in a common undertaking or enterprise involving risk and potential profit, (3) that the undertaking or enterprise violated the TVPRA as to the plaintiff, and (4) that the defendant had constructive or actual knowledge that the undertaking violated the TVPRA. *Red Roof*, 21 F.4th at 726.[3]

---

[3] *Red Roof* originally defined the fourth element as requiring that "the defendant had constructive or actual knowledge that the undertaking or enterprise violated the TVPRA *as to the plaintiff*." 21 F.4th at 726 (emphasis added). In *AG/GW*, however, the court held that the "as to the plaintiff" language was dicta because *Red Roof* resolved the issue before it on the participation prong alone, and clarified that "Section 1595's knowledge element requires constructive or actual knowledge that the undertaking or enterprise violated the TVPRA, nothing more." 2026 U.S. App. LEXIS 9155, at *26. Because this motion is resolved on the participation element, the court's clarification of the knowledge element does not affect

This motion focuses on elements one, two and four.   For the purposes of this motion, Embry Villages S.C., LLC., is not contesting that the Plaintiff was a sex trafficking victim.

## 1.  Element One—Knowingly Benefited.

To satisfy the first element of a TVPRA beneficiary claim, a plaintiff must allege that the defendant "knew it was receiving some value from participating in the alleged venture." *Red Roof Inns*, 21 F.4th at 724.  Normally, when it comes to hotel operators, district courts have found that the rental of a room constitutes a financial benefit from a relationship with the trafficker sufficient to meet this element.  See *J.G. v. Northbrook Indus., Inc*, 619 F. Supp. 3d 1228, 1234 (N.D. Ga. 2022).  *A.G. v. Northbrook Indus., Inc.*, 1:20-CV-05231-JPB, 2022 WL 1644921, at *2 (N.D. Ga. May 24, 2022); *G.W. v. Northbrook Indus., Inc.*, 1:20-CV-05232-JPB, 2022 WL 1644923, at *2 (N.D. Ga. May 24, 2022); *M.A. v. Wyndham Hotels & Resorts, Inc.*, 425 F. Supp.3d 959, 965 (S.D. Ohio 2019); *S.Y. v. Naples Hotel Co.*, 476 F. Supp.3d 1251, 1257 (M.D. Fla. 2020) (collecting cases). However, this Defendant cannot find any case in the nation where a TVPRA claim has been made against an out-of-possession commercial landlord.[4]

---

the outcome here. Defendants note it for completeness and because it reflects the most current statement of the governing framework.

[4]The closest it can find is the case of *Levin v. Sarah Lawrence Coll.*, 747 F. Supp. 3d 645, 653 (S.D.N.Y. 2024) where labor and sex trafficking victims brought TVPRA claims against a college and an condo

Pursuant to the terms of the lease, the tenant (hotel operator) is required to make rental payments to the landlord whether any rooms are rented or not. Therefore, the allegations of the Complaint are insufficient to establish that Embry Villages S.C., LLC., knowingly benefited from the rental of a room to the traffickers.

### 2. Element Two—Participate in a Venture

#### a. *AG/GW Defines the Participation Standard and Forecloses the Claims Against Defendants*

The Eleventh Circuit's March 30, 2026, decision in *AG/GW* is the Circuit's sharpest statement of what participation in a venture requires and, equally important, what it does not.

"Participation in a venture" requires that a defendant "took part in a common undertaking or enterprise involving risk and potential profit." *Red Roof*, 21 F.4th at 725. *AG/GW* confirmed this standard and gave it operational content. To be liable under § 1595, defendants must take part in a common enterprise to the extent that they share legal risks and potential profits **with traffickers**. *See Red Roof*, 21 F.4th at 725. (emphasis supplied).  To share in the legal risks and profits of a trafficker's

---

manager. Plaintiffs alleged the school benefitted from payment of tuition, including housing, for what it knew and should have known was a sex and labor trafficking venture.  The Court rejected the claim because there was no allegation that the college would not have received those payments in the absence of the allege sex or labor trafficking.

venture, "something more than engaging in an ordinary buyer-seller transaction is required." *AG/GW*, 171 F.4th 1257, 1269 (quoting *Doe 1 v. Apple, Inc.*, 96 F.4th 403, 415 (D.C. Cir. 2024)). The court reaffirmed: "observing something is not the same as participating in it." *Id.* at *20 (quoting *Red Roof*, 21 F.4th at 727).  Here, there is no allegation that an out-of-possession landlord shared any legal risks and potential profits with traffickers.  Pursuant to the terms of the lease, the tenant (hotel operator) is required to make rental payments to the landlord.  The landlord's rental payments are not tied to the traffickers.

*AG/GW* then resolved the argument about whether operator status — as opposed to franchisor status — changes the analysis. It does not. The court held explicitly: "Whether a defendant is a hotel operator or franchisor is not material. Merely renting a hotel room to a trafficker with actual or constructive knowledge of his trafficking does not constitute 'participation in a venture' as defined by *Red Roof*." *AG/GW* at 1269. The court also rejected the theory that a "continuous business relationship" with a trafficker, even coupled with knowledge, amounts to participation. *Id.* (characterizing as erroneous the theory that "'alleging a continuous business relationship' between an alleged beneficiary and a trafficker, when the beneficiary 'knew or should have known' of the trafficking, amounts to participation in a venture" (criticizing *F.C. v. Jacobs Sols. Inc.*, 790 F. Supp. 3d 1158, 1187 (D. Colo. 2025)). Standard commercial services are simply not enough.

15

To share legal risks and profits with a perpetrator under the TVPRA, "something more than engaging in an ordinary buyer-seller transaction is required[.]" *Id. at 1269.* The profits and risks must be common to both the traffickers and the hotel operator. *Id.* Mere "arms-length transaction[s]" are simply not enough involvement to constitute "participation in a venture.*" Id. (quoting Apple, 96 F.4th at 415).*

The "something more" than an arms-length transaction standard adopted by the Eleventh Circuit is easy to apply in this case because there was nothing more than an arms-length transaction between the Embry Villages S.C., LLC., and the hotel operator and there was no transaction between Embry Villages S.C., LLC., and the traffickers. See list of "something more" provided by the Eleventh Circuit: For instance, "something more" may include offering "personalized support" to a sex trafficker. The court found sufficient evidence of participation because hotel employees spent fifteen to twenty minutes per day conversing with the traffickers, and — critically — on two occasions a United Inn employee was persuaded by the trafficker over the phone to escort his trafficking victims back to their hotel room even though they had no identification and were not on the reservation. That was "something more" — an identified employee taking an affirmative act at the trafficker's direction, in direct service of the trafficking operation. The court explained that a jury could infer from this conduct that the hotel "supported and

16

cooperated with" the trafficking operation. The allegations against Embry Villages S.C., LLC., contain nothing of the kind.

Further, in *Red Roof*, the Eleventh Circuit found that franchisors did not participate in a venture with sex traffickers. A landlord is even further removed from the activities of the sex traffickers than a franchisor. The Court found that paying royalty and other fees based on a percentage of their gross room revenue; receiving a percentage of the revenue generated by the operation of the hotel, including a percentage of the revenue generated from the rate charged on the rooms in which each Doe was trafficked; and that owning, managing, supervising, operating, overseeing, controlling the operation of and/or were inextricably connected to the renting of the rooms were not enough to state a claim against franchisors. *Doe #1 v. Red Roof Inns, Inc., 21 F.4th 714, 726 (11th Cir. 2021).* Further, when it came to franchisors, allegations "that the franchisors investigated the individual hotels, took remedial action when revenue was down, read online reviews mentioning prostitution and crime occurring generally at the hotels, and controlled the training of managers and employees who were allegedly involved in facilitating sex trafficking at the hotels" were insufficient to state a claim because none of these allegations suggest that the franchisors participated in an alleged common undertaking or enterprise with the Does' sex traffickers or others at the hotel who violated the statute. *Id.* at 727.

17

Therefore, because Embry Villages S.C., LLC., only engaged in an ordinary buyer-seller transaction of leasing the property to the hotel operator the participation in a venture requirement is missing and the lawsuit against Embry Villages S.C., LLC., must be dismissed.

### b. *The Complaint's Allegations Along with the Lease Agreements Satisfy Only the Ordinary-Transaction Standard*

Measured against *AG/GW*, the allegations against the hotel operator describe commercial room rentals, observable conditions, and conclusory characterizations. No allegation — properly credited under *Iqbal* — establishes that Embry Villages S.C., LLC., took part in a common undertaking with the traffickers.  In fact, there are no factual allegations against Embry Villages S.C., LLC.  The allegations of the Complaint focus on the staff of the Motel 6.  The only allegations made against Embry Villages S.C., LLC., are conclusory allegations that lump Embry Villages S.C., LLC., in with the hotel operator and staff of the Motel 6.

### 3. Element Four-Knowledge

Section 1595's knowledge element requires constructive or actual knowledge that the undertaking or enterprise violated the TVPRA, nothing more. *A.G. v. Northbrook Indus., Inc.,* 171 F.4th 1257, 1270 (11th Cir. 2026) The knowledge element requires that the defendant knew or should have known that

18

the trafficker was sex trafficking someone even if the Plaintiff's specific identity

was not known. *Id.* Admittedly, since the standard was recently changed by the

Eleventh Circuit, there is not much guidance for the Court. Further, the Court need

not resolve this in order to dismiss the Plaintiff's Complaint against Embry

Villages S.C., LLC.

Here, the allegations of the Complaint focus on the staff of the Motel 6. The

only allegations made against Embry Villages S.C., LLC., are conclusory

allegations that lump Embry Villages S.C., LLC., in with the hotel operator and

staff of the Motel 6. As such, there are no allegations— properly credited under

*Iqbal* — establishing that Embry Villages S.C., LLC., knew the traffickers or knew

or should have known that the traffickers were trafficking anyone. As such, the

knowledge element provides another basis to dismiss Embry Villages S.C., LLC.,

from this lawsuit.

## C.    Plaintiff's State Law Claim for Nuisance Fails Under Georgia Law.

Georgia law is clear that an out-of-possession landlord cannot be held liable

for a nuisance. "[W]hen the [landowner/landlord] cedes possession of the property

to a tenant, the landowner's control over the property and the concomitant ability to

make the property safe becomes limited." *Cham v. ECI Mgmt. Corp.*, 311 Ga. 170,

175, 856 S.E.2d 267 (2021). In such instances, "[a] landlord's liability to a third

person who is injured on property which was relinquished by rental or under a

lease is determined by OCGA § 44-7-14." *Colquitt v. Rowland*, 265 Ga. 905, 906

(1), 463 S.E.2d 491 (1995). See also, Starks v. USG Real Est. Found. III, LLC, 361

Ga. App. 406, 409, 864 S.E.2d 621, 624 (2021)

O.C.G.A. § 44-7-14 provides that "[h]aving fully parted with possession and

the right of possession, the landlord is not responsible to third persons for damages

resulting from the negligence or **illegal use of the premises by the tenant**"

(emphasis supplied).  The rationale is that "the use of the tenements really belongs

to the tenant during the lease; they are his property to use for the term for which

they are rented; and the landlord has no right to enter upon them, except by

permission of the tenant, during the term for which they are rented. To rule

otherwise, i.e., to impose liability on a landlord for the negligent acts of his tenant,

would yield a harsh and unwanted rule." *Colquitt*, supra, 265 Ga. at 906 (1), 463

S.E.2d 491.

Second, the Georgia appellate courts have held that landlords cannot be

liable for the nuisance created by a tenant.  In *Starks v. USG Real Estate

Foundation III, LLC*, 361 Ga.App. 406 (2021), the Georgia Court of Appeals held

that an out-of-possession landlord cannot be held liable for creating or maintaining

a nuisance on the premises, affirming the well-settled principle that liability for

nuisance does not attach where the tenant is in full possession. See also, *Diffley v.*

*Marshall's at East Lake*, 227 Ga. App. 343, 344-345, 489 S.E.2d 123 (1997) (holding that the limited liability of OCGA § 44-7-14 encompasses "uses of leased premises that create a nuisance").

Similarly, in *Savannah State University Foundation, Inc. v. Lewis*, 370 Ga.App. 180, 895 S.E.2d 180 (2023), the Georgia Court of Appeals confirmed that the critical inquiry is whether there is sufficient "dominion and control" by the landlord to vitiate its limited liability. Where a rental agreement expressly grants the tenant the right to "lawfully, quietly and peacefully have, hold, use, possess, enjoy, and occupy" the premises, an owner retaining only landlord-related rights of entry does not retain the level of dominion and control necessary to defeat out-of-possession status. *Savannah State University Foundation, Inc. v. Lewis*, 370 Ga.App. 180, 895 S.E.2d 180 (2023).

### III. Conclusion

Defendant Embry Villages S.C., LLC., respectfully requests that the Court dismiss all claims made by the Plaintiff against it in this lawsuit.

Respectfully submitted, this 27th day of April, 2026.

FREEMAN MATHIS & GARY, LLP

By: */s/ James W. Scarbrough*
James W. Scarbrough
Georgia Bar No. 628328
James.scarbrough@fmglaw.com

21

100 Galleria Parkway
Suite 1600
Atlanta, Georgia 30339

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 27th day of April 2026, my office electronically filed the foregoing *Motion to Dismiss and the accompanying Brief in Support* with the Clerk of the Court using the CM/ECF system, which will automatically send notification of such filing to all counsel of record.

FREEMAN MATHIS & GARY, LLP


*/s/ James W. Scarbrough*
James W. Scarbrough
Georgia Bar No. 628328
James.scarbrough@fmglaw.com

100 Galleria Parkway
Suite 1600
Atlanta, Georgia 30339

23