Case 1:26-cv-01430-VMC    Document 23    Filed 06/30/26    Page 1 of 35

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

J.H.,                                        )
                                             )
    Plaintiff,                              )
                                             )          CIVIL ACTION FILE
    v.                                      )          NO. 1:26-cv-01430-VMC
                                             )
CT HOTELS, LLC, and DIPLOMAT )
CT HOTELS, LLC,                              )
                                             )
    Defendants.                             )

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT CT HOTELS, LLC TO PLAINTIFF'S COMPLAINT

COMES NOW, Defendant CT HOTELS, LLC (hereinafter "Defendant CT HOTELS") in the above-styled action, and files its Answer and Affirmative Defenses to Plaintiff's Complaint showing the Court as follows:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim for which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the fact that no act or omission by Defendant CT Hotels caused Plaintiff's alleged injuries or damages.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred on the grounds of acquiescence, waiver, estoppel, and/or laches.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations and/or statute of repose.

## FIFTH AFFIRMATIVE DEFENSE

The losses, if any, sustained by Plaintiff was the result of conduct of persons or entities over whom Defendant CT Hotels has no control or responsibility, and for whose conduct Defendant CT Hotels is thus not liable.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendant CT Hotels are barred because there is no causal connection between any alleged act, error, or omission by Defendant CT Hotels and the Plaintiff's alleged injuries or damages.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant CT Hotels hereby gives notice that it intends to rely upon such other defenses as may become apparent during the course of discovery and thus expressly reserves the right to amend this Answer to assert such defenses.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff willingly, knowingly, and voluntarily exposed herself to and assumed the risk and therefore, Plaintiff's recovery is barred.

-3-

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages were caused by a superseding and intervening act, which was beyond the knowledge or control of Defendant CT Hotels.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because of her own comparative negligence.

## ELEVENTH AFFIRMATIVE DEFENSE

The imposition of punitive damages in this case is improper, as there is an absence of a showing of malicious intent to cause harm to the Plaintiff.

## TWELFTH AFFIRMATIVE DEFENSE

An award of punitive or exemplary damages in this action would constitute a violation of this Defendant's right to due process of law under the Due Process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and under paragraphs 1 and 2 of Article 1 of the Georgia Constitution because Georgia does not have sufficient procedural safeguards to ensure that the jury's discretion in awarding punitive damages was reasonably constrained. Therefore, any award of punitive damages would be an excessive and arbitrary deprivation of property without due process of law.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint which seeks punitive damages, violates this Defendant's rights to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution and Article I, Section I, Paragraph XVII of the Constitution of the State of Georgia and violates this Defendant's right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of Georgia and therefore fails to state a cause of action or set forth a claim supporting the punitive damages claimed.

## FOURTEENTH AFFIRAMTIVE DEFENSE

Without limiting the generality of the previous defense, an award of punitive damages against this Defendant would violate its due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Article 1, Section 1, Paragraph 1 of the Constitution of Georgia because (1) this Defendant had no notice of or means of ascertaining whether, or in what amount it might be subject to a penalty of punitive damages for the conduct alleged by Plaintiff in this case, which lack of notice is compounded by absence of any adequate or meaningful standards as to the kind of conduct that might subject Defendant to punitive damages or as to the potential amount of such an award; (2) an award of punitive damages under Georgia law does not give cognizance to the comparability

of the award to awards in other, similar cases; (3) an award of punitive damages in Georgia under Georgia's statute does not give adequate consideration to the proportionality of the punitive damages awarded to the alleged wrong done to Plaintiff, and (4) no provision of Georgia law or the Georgia punitive damages scheme provides adequate procedural safeguards consistent with the criteria set forth in State Farm Mutual Auto, Ins. Co. v. Campbell,538 U.S. 408 (2003); Cooper Industries, Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424(2001); BMW of North America, Inc. v. Gore, 517 U.S. 559 (1996); Pacific Mutual Life Ins. Co. v. Haslip, 499 U.S. 1 (1990); and Matthews v. Eldridge, 424 U.S. 319 (1976) for the imposition of a punitive award.

### FIFTEENTH AFFIRMATIVE DEFENSE

Any attempted application of Georgia law in this case regarding any claim for "punitive damages" against Defendant CT Hotels would be unconstitutional for the following reasons:

(1) Defendant CT Hotels did nothing for which it should be punished, penalized, or deterred and therefore any recovery of "punitive damages" against Defendant CT Hotels would deprive it of property without due process of law in violation of the Fourteenth Amendment of the United States Constitution and in violation of Article 1, Section 1, Paragraph 1 of the Constitution of the State of Georgia;

(2) Any recovery of "punitive damages" against Defendant CT Hotels would violate the provisions of Article 1, Section 1, Paragraph 2 of the Constitution of the State of Georgia;

(3) Any recovery of "punitive damages" against Defendant CT Hotels would deprive it of its right to substantive due process as guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of Georgia;

(4) Any recovery of "punitive damages" would violate the guaranty against "excessive fines" as provided in the Eighth Amendment of the United States Constitution and Article 1, Section 1, Paragraph 17 of the Constitution of the State of Georgia

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages against Defendant CT Hotels cannot be maintained, because an award of punitive damages under current Georgia law would be void for vagueness, both facially and as applied. Among other deficiencies, there is an absence of adequate notice of what conduct is subject to punishment; an absence of adequate notice of what punishment may be imposed; an absence of a predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose; a risk that punitive damages will be imposed retrospectively based on

conduct that was not deemed punishable at the time the conduct occurred; and it would permit and encourage arbitrary and discriminatory enforcement, all in violation of the due process clause of the Fourteenth Amendment to the United States Constitution, Article 1, Section 1, Paragraph 1 of the Constitution of the State of Georgia, and the common law and public policies of the State of Georgia.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages against Defendant CT Hotels cannot be maintained, because any award of punitive damages under Georgia law would be by a jury that (1) is not provided standards of sufficient clarity for determining the appropriateness, and the appropriate size, of a punitive damages award, (2) is not adequately instructed on the limits on punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the residence, wealth, and corporate status of Defendant CT Hotels, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible, and (5) is not subject to adequate trial court and

appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of objective standards.  Any such verdict would violate this Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Article 1, Section 1, Paragraphs 1 and 2 of the Georgia Constitution, and would be improper under the common law and public policies of the State of Georgia.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for attorney's fees are unwarranted and unsupported by any construction of the facts of this case pursuant to O.C.G.A. §§ 13-6-11, 9-11-68, 9-15-14, 18 U.S.C. § 1595(a), or otherwise. As such, Plaintiff's claims for attorney's fees should be dismissed.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive damages are unwarranted and unsupported by any construction of the facts of this case. As such, Plaintiff's claims for punitive damages should be dismissed.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff have failed to join indispensable parties under Fed. R. Civ. P. 19.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

If there is any liability against this Defendant, which liability it specifically denies, then pursuant to O.C.G.A. §§ 51-12-31 and 51-12-33 such liability should be compared to the fault of Plaintiff and the other parties and actors involved in the matters alleged in Plaintiff's Complaint and apportioned accordingly under Georgia law. These individuals may include Plaintiff's trafficker(s) and "Johns" who allegedly purchased commercial sex acts from Plaintiff(s) and will be further identified after Plaintiff's identities become known.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff cannot recover against this Defendant because Plaintiff, by the exercise of ordinary care, could have avoided the consequences of any act, or failure to act, by Defendant or its agents.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

To the extent Plaintiff's alleged claims occurred during a period when Defendant CT Hotels did not own, operate, manage, or have any other involvement with the subject Property, Plaintiff cannot recover against this Defendant.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Answering now the separate paragraphs of Plaintiff's Complaint, Defendant CT Hotels shows the Court as follows:

1.

Defendant CT Hotels does not have sufficient knowledge or information to either admit or deny the allegations contained in the first and second sentences of Paragraph 1 of Plaintiff's Complaint. By way of further response, Defendant does not consent to a wholesale embargo regarding the identify of Plaintiff and reserves all rights to conduct discovery, including the use of Plaintiff's name, to identify witnesses who may have knowledge of the alleged events and gathering necessary information from potential third-parties in order to preserve and present its defenses in this case. In further response, Defendant CT Hotels denies that it has any knowledge or information regarding the alleged trafficking of Plaintiff. Defendant CT Hotels further denies that it was involved, in any way, with the alleged trafficking or prostitution of Plaintiff. Defendant CT Hotels denies the remaining allegations contained in Paragraph 1 of Plaintiff's Complaint.

2.

Defendant CT Hotels does not have sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 2 of Plaintiff's Complaint, and therefore must deny the same.

3.

Defendant CT Hotels admits the allegations contained in Paragraph 3 of Plaintiff's Complaint. In further response, Defendant CT Hotels denies that it was involved, in any way, with the alleged trafficking or prostitution of Plaintiff.

4.

Defendant CT Hotels admits the allegations contained in Paragraph 4 of Plaintiff's Complaint. In further response, Defendant CT Hotels denies that it was involved, in any way, with the alleged trafficking or prostitution of Plaintiff.

5.

For answer to Paragraph 5 of Plaintiff's Complaint, Defendant CT Hotels admits that it has been properly served with process in this action. Defendant CT Hotels does not have sufficient knowledge or information to either admit or deny the remaining allegations contained in Paragraph 5 of Plaintiff's Complaint, and therefore must deny the same.

6.

For answer to Paragraph 6 of Plaintiff's Complaint, Defendant CT Hotels admits jurisdiction and venue are proper as to it. Defendant CT Hotels does not have sufficient knowledge or information to either admit or deny the remaining allegations contained in Paragraph 6 of Plaintiff's Complaint, and therefore must deny the same.

7.

Defendant CT Hotels denies the allegations contained in Paragraph 7 of Plaintiff's Complaint, including subparagraphs a – g, as stated. By way of further response, Defendant CT Hotels denies that it has any knowledge or information regarding the alleged trafficking of Plaintiff. Defendant CT Hotels further denies that any of its officers, directors, agents, employees, or representatives were involved, in any way, with the alleged trafficking of Plaintiff.

8.

The allegations contained in Paragraph 8 of Plaintiff's Complaint contain legal conclusions to which this Defendant cannot respond, and no response is required. To the extent a response is required, Defendant CT Hotels responds that 18 U.S.C. §1591(a) and O.C.G.A. §16-5-45(8)(B) speak for themselves. To the extent Plaintiff attempts to characterize or interpret the law, Defendant CT Hotels denies those allegations.

9.

The allegations contained in Paragraph 9 of Plaintiff's Complaint contain legal conclusions to which this Defendant cannot respond, and no response is required. To the extent a response is required, Defendant CT Hotels denies the allegations contained in Paragraph 9 of Plaintiff's Complaint, including

subparagraphs a - d. To the extent Plaintiff attempts to characterize or interpret the law, Defendant CT Hotels denies those allegations.

10.

Defendant CT Hotels denies the allegations contained in Paragraph 10 of Plaintiff's Complaint.

## I.    J.H.'s Alleged Trafficking at the Motel 6.

11.

Defendant CT Hotels does not have sufficient knowledge or information to either admit or deny the allegations contained in the first, second, and third sentences of Paragraph 11 of Plaintiff's Complaint, and therefore must deny the same. Defendant CT Hotels denies the remaining allegations contained in Paragraph 11 of Plaintiff's Complaint, as stated.

12.

Defendant CT Hotels does not have sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 12 of Plaintiff's Complaint, and therefore must deny the same.

13.

For answer to Paragraph 13 of Plaintiff's Complaint, Defendant CT Hotels does not have sufficient knowledge or information to either admit or deny the allegations contained in the first and second sentences of Paragraph 13 of

Plaintiff's Complaint, and therefore must deny the same. Defendant CT Hotels denies the remaining allegations contained in Paragraph 13 of Plaintiff's Complaint. By way of further response, Defendant CT Hotels denies that it has any knowledge or information regarding the alleged trafficking of Plaintiff. Defendant CT Hotels further denies that it was involved, in any way, with the alleged trafficking of Plaintiff.

14.

Defendant CT Hotels does not have sufficient knowledge or information to either admit or deny the allegations contained in the first sentence of Paragraph 14 of Plaintiff's Complaint, and therefore must deny the same. Defendant CT Hotels denies the remaining allegations contained Paragraph 14 of Plaintiff's Complaint. By way of further response, Defendant CT Hotels denies that it has any knowledge or information regarding the alleged trafficking of Plaintiff. Defendant CT Hotels further denies that it was involved, in any way, with the alleged trafficking of Plaintiff.

15.

Defendant CT Hotels does not have sufficient knowledge or information to either admit or deny the allegations contained in the second sentence of Paragraph 15 of Plaintiff's Complaint, as stated, and therefore must deny the same. Defendant CT Hotels denies the remaining allegations contained in Paragraph 15 of Plaintiff's

-14-

Complaint. By way of further response, Defendant CT Hotels denies that it has any knowledge or information regarding the alleged trafficking of Plaintiff. Defendant CT Hotels further denies that it was involved, in any way, with the alleged trafficking of Plaintiff. Defendant CT Hotels emphasizes that Plaintiff's identity and the identity of her trafficker(s) is currently unknown to this Defendant.

16.

Defendant CT Hotels does not have sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 16 of Plaintiff's Complaint, and therefore must deny the same. By way of further response, Defendant CT Hotels denies that it has any knowledge or information regarding the alleged trafficking of Plaintiff. Defendant CT Hotels further denies that it was involved, in any way, with the alleged trafficking of Plaintiff.

17.

Defendant CT Hotels denies the allegations contained in Paragraph 17 of Plaintiff's Complaint, as stated. By way of further response, Defendant CT Hotels denies that it has any knowledge or information regarding the alleged trafficking of Plaintiff. Defendant CT Hotels further denies that it was involved, in any way, with the alleged trafficking of Plaintiff.

18.

Defendant CT Hotels denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.

Defendant CT Hotels does not have sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 19 of Plaintiff's Complaint, and therefore must deny the same.

20.

Defendant CT Hotels denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.

Defendant CT Hotels denies the allegations contained in Paragraph 21 of Plaintiff's Complaint regarding Plaintiff's alleged purchase of condoms from the Property. With respect to Plaintiff's allegations that condoms were purchased at Kroger, Defendant CT Hotels does not have sufficient knowledge or information to either admit or deny those allegations, and therefore must deny the same. Defendant CT Hotels denies the remaining allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.

Defendant CT Hotels denies the allegations contained in Paragraph 22 of Plaintiff's Complaint. By way of further response, Defendant CT Hotels denies that it has any knowledge or information regarding the alleged trafficking of Plaintiff. Defendant CT Hotels further denies that it was involved, in any way, with the alleged trafficking of Plaintiff.

23.

Defendant CT Hotels denies the allegations contained in Paragraph 23 of Plaintiff's Complaint, as stated. By way of further response, Defendant CT Hotels denies that it has any knowledge or information regarding the alleged trafficking of Plaintiff. Defendant CT Hotels further denies that it was involved, in any way, with the alleged trafficking of Plaintiff.

24.

Defendant CT Hotels does not have sufficient knowledge or information to either admit or deny the allegations contained in the first sentence of Paragraph 24 of Plaintiff's Complaint, and therefore must deny the same. Defendant CT Hotels denies the remaining allegations contained in Paragraph 24 of Plaintiff's Complaint. By way of further response, Defendant CT Hotels denies that it has any knowledge or information regarding the alleged trafficking of Plaintiff. Defendant

CT Hotels further denies that it was involved, in any way, with the alleged trafficking of Plaintiff.

25.

Defendant CT Hotels denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.

Defendant CT Hotels denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27.

Defendant CT Hotels denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28.

Defendant CT Hotels denies the allegations contained in Paragraph 28 of Plaintiff's Complaint, as stated. Defendant CT Hotels emphasizes that Plaintiff's identity and the identity of her trafficker(s) is currently unknown to this Defendant.

29.

Defendant CT Hotels denies the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30.

Defendant CT Hotels denies the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31.

Defendant CT Hotels denies the allegations contained in Paragraph 31 of Plaintiff's Complaint, as stated.

32.

Defendant CT Hotels does not have sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 32 of Plaintiff's Complaint, and therefore must deny the same. Defendant CT Hotels emphasizes that Plaintiff's identity and the identity of her trafficker(s) is currently unknown to this Defendant.

## II.     Each Defendant's Alleged Knowledge of Crime at the Motel 6.

33.

Defendant CT Hotels denies the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34.

Defendant CT Hotels denies the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35.

Defendant CT Hotels denies the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36.

Defendant CT Hotels does not have sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 36 of Plaintiff's Complaint, as stated, and therefore must deny the same. By way of further response, Defendant CT Hotels denies that it has any knowledge or information regarding the alleged trafficking of Plaintiff. Defendant CT Hotels further denies that it was involved, in any way, with the alleged trafficking of Plaintiff, or any other individual.

37.

Defendant CT Hotels does not have sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 37 of Plaintiff's Complaint, as stated, and therefore must deny the same. By way of further response, Defendant CT Hotels denies that it has any knowledge or information regarding the alleged trafficking of Plaintiff. Defendant CT Hotels further denies that it was involved, in any way, with the alleged trafficking of Plaintiff, or any other individual.

38.

Defendant CT Hotels denies the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39.

Defendant CT Hotels does not have sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 39 of Plaintiff's Complaint, as stated, and therefore must deny the same. By way of further response, Defendant CT Hotels denies that it has any knowledge or information regarding the alleged trafficking of Plaintiff. Defendant CT Hotels further denies that it was involved, in any way, with the alleged trafficking of Plaintiff, or any other individual.

40.

Defendant CT Hotels does not have sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 40 of Plaintiff's Complaint, as stated, and therefore must deny the same. By way of further response, Defendant CT Hotels denies that it has any knowledge or information regarding the alleged trafficking of Plaintiff. Defendant CT Hotels further denies that it was involved, in any way, with the alleged trafficking of Plaintiff, or any other individual

41.

In response to Paragraph 41 of Plaintiff's Complaint, Defendant CT Hotels admits that the Motel 6 hotel located at 3585 Chamblee Tucker Road, Atlanta, Georgia was permanently closed and later demolished around 2016. Defendant CT Hotels denies the remaining allegations contained in Paragraph 41 of Plaintiff's Complaint, as stated.

### III. Each Defendant's Alleged Knowledge of Sex Trafficking Generally.

42.

In response to Paragraph 42 of Plaintiff's Complaint, Defendant CT Hotels admits that it has knowledge of the general existence of sex trafficking and its illegality. All remaining allegations of Paragraph 42 of Plaintiff's Complaint are denied.

43.

In response to Paragraph 43 of Plaintiff's Complaint, Defendant CT Hotels admits that it has knowledge of the general existence of sex trafficking and its illegality. To the extent that Paragraph 43 of Plaintiff's Complaint alleges that Atlanta and the Motel 6 was a "hub of sex trafficking" and had prevalent crime, those allegations are denied, as stated. Defendant CT Hotels denies the remaining allegations contained in Paragraph 43 of Plaintiff's Complaint.

44.

Defendant CT Hotels denies the allegations contained in Paragraph 44 of Plaintiff's Complaint, as stated.

45.

Defendant CT Hotels denies the allegations contained in Paragraph 45 of Plaintiff's Complaint, as pled. In further response, Defendant CT Hotels states that reference to a 2015 Supreme Court decision relating to the City of Los Angeles is irrelevant to Defendant CT Hotels' alleged knowledge at or about the time of the alleged trafficking of Plaintiff in between 2013 and 2015.

46.

Defendant CT Hotels denies the allegations contained in Paragraph 46 of Plaintiff's Complaint, as stated.

47.

Defendant CT Hotels denies the allegations contained in Paragraph 47 of Plaintiff's Complaint, as stated.

48.

Defendant CT Hotels denies the allegations contained in Paragraph 48 of Plaintiff's Complaint, as stated.

49.

Defendant CT Hotels denies the allegations contained in Paragraph 49 of Plaintiff's Complaint, as stated, including subparagraphs a through f.

50.

Defendant CT Hotels denies the allegations contained in Paragraph 50 of Plaintiff's Complaint.

51.

Defendant CT Hotels denies the allegations contained in Paragraph 51 of Plaintiff's Complaint, including subparagraphs a – p.

52.

Defendant CT Hotels does not have sufficient knowledge or information to either admit or deny the allegations contained in the first sentence of Paragraph 52 of Plaintiff's Complaint, and therefore must deny the same. Defendant CT Hotels denies the remaining allegations contained in Paragraph 52 of Plaintiff's Complaint.

**Count I**
**ALLEGED STATUTORY LIABILITY:**
**SEX TRAFFICKING 18 U.S.C. § 1595**

53.

Defendant CT Hotels incorporates by reference its responses to Paragraphs 1 – 52, above, as if fully restated herein.

-24-

54.

The allegations contained in Paragraph 61 of Plaintiff's Complaint contain a legal conclusion to which this Defendant cannot respond, and no response is required. To the extent a response is required, Defendant CT Hotels denies the allegations contained in Paragraph 54 of Plaintiff's Complaint.

55.

Defendant CT Hotels denies the allegations contained in Paragraph 55 of Plaintiff's Complaint.

56.

Defendant CT Hotels denies the allegations contained in Paragraph 56 of Plaintiff's Complaint.

57.

Defendant CT Hotels denies the allegations contained in Paragraph 57 of Plaintiff's Complaint.

58.

Defendant CT Hotels denies the allegations contained in Paragraph 58 of Plaintiff's Complaint.

59.

Defendant CT Hotels denies the allegations contained in Paragraph 59 of Plaintiff's Complaint, as stated.

60.

Defendant CT Hotels denies the allegations contained in Paragraph 60 of Plaintiff's Complaint.

61.

Defendant CT Hotels denies the allegations contained in Paragraph 61 of Plaintiff's Complaint.

62.

Defendant CT Hotels denies the allegations contained in Paragraph 62 of Plaintiff's Complaint.

63.

The allegations contained in Paragraph 63 of Plaintiff's Complaint contain a legal conclusion to which this Defendant cannot respond, and no response is required. To the extent a response is required, Defendant CT Hotels denies the allegations contained in Paragraph 63 of Plaintiff's Complaint.

64.

Defendant CT Hotels denies the allegations contained in Paragraph 64 of Plaintiff's Complaint.

65.

The allegations contained in Paragraph 65 of Plaintiff's Complaint contain a legal conclusion to which this Defendant cannot respond, and no response is

required. To the extent a response is required, Defendant CT Hotels denies the allegations contained in Paragraph 65 of Plaintiff's Complaint.

66.

Defendant CT Hotels denies the allegations contained in Paragraph 66 of Plaintiff's Complaint.

## COUNT II
## ALLEGED NUISANCE

67.

Defendant CT Hotels incorporates by reference its responses to Paragraphs 1 – 66, above, as if fully restated herein.

68.

For answer to Paragraph 68 of Plaintiff's Complaint, Defendant CT Hotels responds that statute O.C.G.A. § 41-1-1 speaks for itself. To the extent Plaintiff misstates the law, or attempts to characterize or interpret the law, Defendant CT Hotels denies those allegations.

69.

For answer to Paragraph 69 of Plaintiff's Complaint, Defendant CT Hotels responds that statute O.C.G.A. § 41-1-2 speaks for itself. To the extent Plaintiff misstates the law, or attempts to characterize or interpret the law, Defendant CT Hotels denies those allegations.

70.

For answer to Paragraph 70 of Plaintiff's Complaint, Defendant CT Hotels responds that statute O.C.G.A. § 41-1-3 speaks for itself. To the extent Plaintiff misstates the law, or attempts to characterize or interpret the law, Defendant CT Hotels denies those allegations.

71.

For answer to Paragraph 71 of Plaintiff's Complaint, Defendant CT Hotels responds that statute O.C.G.A. § 41-3-1 speaks for itself. To the extent Plaintiff misstates the law, or attempts to characterize or interpret the law, Defendant CT Hotels denies those allegations.

**Alleged Public Nuisance**

72.

Defendant CT Hotels denies the allegations contained in Paragraph 72 of Plaintiff's Complaint.

73.

Defendant CT Hotels denies the allegations contained in Paragraph 73 of Plaintiff's Complaint.

74.

Defendant CT Hotels denies the allegations contained in Paragraph 74 of Plaintiff's Complaint. In further response, Defendant CT Hotels specifically denies

the last sentence of Paragraph 74, as it is undisputed that the Property was demolished in or around 2016. (*See*, e.g., Plaintiff's Complaint, ¶ 41.)

75.

Defendant CT Hotels denies the allegations contained in Paragraph 75 of Plaintiff's Complaint.

**Alleged Public Nuisance Per Se**

76.

Defendant CT Hotels denies the allegations contained in Paragraph 76 of Plaintiff's Complaint.

77.

The allegations contained in Paragraph 77 of Plaintiff's Complaint contain a legal conclusion to which this Defendant cannot respond, and no response is required. To the extent a response is required, Defendant CT Hotels denies the allegations contained in Paragraph 77 of Plaintiff's Complaint.

78.

The allegations contained in Paragraph 78 of Plaintiff's Complaint contain a legal conclusion to which this Defendant cannot respond, and no response is required. To the extent a response is required, Defendant CT Hotels denies the allegations contained in Paragraph 78 of Plaintiff's Complaint.

79.

Defendant CT Hotels denies the allegations contained in Paragraph 79 of Plaintiff's Complaint.

80.

Defendant CT Hotels denies the allegations contained in Paragraph 80 of Plaintiff's Complaint.

## COUNT III
## ALLEGED STATUTORY LIABILITY: MASHA'S LAW, 18 U.S.C. § 2255

81.

Defendant CT Hotels incorporates by reference its responses to Paragraphs 1 – 80, above, as if fully restated herein.

82.

Defendant CT Hotels does not have sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 82 of Plaintiff's Complaint, and therefore must deny the same. Defendant CT Hotels emphasizes that Plaintiff's identity and the identity of her trafficker(s) is currently unknown to this Defendant.

83.

Defendant CT Hotels does not have sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 83 of Plaintiff's Complaint, and therefore must deny the same. Defendant CT Hotels emphasizes

that Plaintiff's identity and the identity of her trafficker(s) is currently unknown to this Defendant.

84.

Defendant CT Hotels denies the allegations contained in Paragraph 84 of Plaintiff's Complaint.

85.

Defendant CT Hotels denies the allegations contained in Paragraph 85 of Plaintiff's Complaint.

86.

Defendant CT Hotels denies the allegations contained in Paragraph 86 of Plaintiff's Complaint.

## ALLEGED DAMAGES

87.

Defendant CT Hotels incorporates by reference its responses to Paragraphs 1 – 86, above, as if fully restated herein.

88.

Defendant CT Hotels denies the allegations contained in Paragraph 86 of Plaintiff's Complaint, including subparagraphs a – g.

89.

Defendant CT Hotels denies the allegations contained in Paragraph 89 of Plaintiff's Complaint. In further response, Defendant CT Hotels denies that Plaintiff is entitled to an award of punitive damages against this Defendant.

90.

Defendant CT Hotels denies the allegations contained in Paragraph 90 of Plaintiff's Complaint. In further response, Defendant CT Hotels denies that it has acted in bad faith, been stubbornly litigious, and/or caused Plaintiff undue expense. Accordingly, Defendant CT Hotels denies that Plaintiff is entitled to recover their alleged necessary expenses of litigation against this Defendant, including any award of reasonable attorneys' fees and expenses permitted by O.C.G.A. §§ 13-6-11, 9-11-68, 9-15-14, 18 U.S.C. § 1595(a), or any other Georgia or federal laws that might permit such an award.

91.

Defendant CT Hotels denies that Plaintiff is entitled to the relief sought in her WHEREFORE paragraph and prayer for relief, including all subparts. In further response, Defendant CT Hotels asserts that if any allegations of Plaintiff's Complaint have been neither admitted nor denied in the course of this Answer, they are hereby denied.

Wherefore, having fully responded, Defendant CT Hotels, LLC, respectfully prays as follows:

A.    Plaintiff's Complaint be dismissed with prejudice;

B.    Defendant CT Hotels be awarded its attorneys' fees and costs incurred in connection with the defense of this action;

C.    For interest on the foregoing sums at the highest rate allowable at law; and

D.    For such other and further relief as the Court deems appropriate.

**DEMAND FOR TRIAL BY JURY OF TWELVE (12) PERSONS**

Respectfully submitted, this 30th day of June, 2026.

SWIFT, CURRIE, McGHEE & HIERS

By:    */s/ Kori E. Wagner*
KORI E. WAGNER
Georgia Bar No.: 155438
MARISSA H. MERRILL
Georgia Bar No. 216039
TRACY A. GILMORE
Georgia Bar No. 633193
*Attorneys for Defendants CT Hotels, LLC and Diplomat CT Hotels, LLC*

1420 Peachtree Street, NE, Suite 800
Atlanta, GA 30309-4347
(404) 874-8800
kori.wagner@swiftcurrie.com
marissa.merrill@swiftcurrie.com
tracy.gilmore@swiftcurrie.com

-33-

## <u>CERTIFICATE OF COMPLIANCE</u>

Counsel hereby certifies that this document has been prepared with one of the font and point selections approved by the Court pursuant to L.R. 5.1(C) of the Northern District of Georgia, specifically, 14 point, Times New Roman font.

SWIFT, CURRIE, McGHEE & HIERS

By:   */s/ Kori E. Wagner*
       KORI E. WAGNER
       Georgia Bar No.: 155438
       MARISSA H. MERRILL
       Georgia Bar No. 216039
       TRACY A. GILMORE
       Georgia Bar No. 633193
       *Attorneys for Defendants CT Hotels,*
       *LLC and Diplomat CT Hotels, LLC*

1420 Peachtree Street, NE, Suite 800
Atlanta, GA 30309-4347
(404) 874-8800
kori.wagner@swiftcurrie.com
marissa.merrill@swiftcurrie.com
tracy.gilmore@swiftcurrie.com

## CERTIFICATE OF SERVICE

This is to certify that on the 30th day of June, 2026, I have caused to be served upon counsel for all parties a true and correct copy of the foregoing *Answer and Affirmative Defenses of Defendant CT Hotels, LLC to Plaintiff's Complaint* by filing same through use of the Court's online filing system, the CM/ECF system for the United States District Court for the Northern District of Georgia, which will serve all counsel of record.

SWIFT, CURRIE, McGHEE & HIERS

By:    */s/ Kori E. Wagner*
     KORI E. WAGNER
     Georgia Bar No.: 155438
     MARISSA H. MERRILL
     Georgia Bar No. 216039
     TRACY A. GILMORE
     Georgia Bar No. 633193
     *Attorneys for Defendants CT Hotels, LLC and Diplomat CT Hotels, LLC*

1420 Peachtree Street, NE, Suite 800
Atlanta, GA 30309-4347
(404) 874-8800
kori.wagner@swiftcurrie.com
marissa.merrill@swiftcurrie.com
tracy.gilmore@swiftcurrie.com
4921-6109-8169, v. 1