## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

|  |  |  |
|---|---|---|
| J.H., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | NO. 1:26-cv-01430-VMC |
| | ) | |
| CT HOTELS, LLC, and DIPLOMAT | ) | |
| CT HOTELS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS CT HOTELS, LLC AND DIPLOMAT CT HOTELS, LLC'S MOTION TO DISMISS CERTAIN CLAIMS

COME NOW, Defendant CT Hotels, LLC and Diplomat CT Hotels, LLC (hereinafter "Defendants") in the above-styled action, and pursuant to FED. R. CIV. P. 12(b)(6), hereby move this Court to dismiss Plaintiff's claims for statutory liability under 18 U.S.C. § 2255, public nuisance, and public nuisance *per se* because Plaintiff has failed to sufficiently state claims upon which relief could be granted. In support of their Motion, Defendants respectfully show this Court as follows:

### I. Introduction

Plaintiff's Complaint asserts that Plaintiff J.H. was trafficked for sex as a minor by an unidentified trafficker who brought her to a Motel 6 hotel located at 3585 Chamblee Tucker Road in Atlanta, Georgia during an unspecified period in 2013-2015. (*See* Pl. Compl., at ¶¶ 1, 11-12). Plaintiff asserts various claims against

the Defendants arising out of this alleged sex trafficking: (1) Violations of 18 U.S.C. § 1595; (2) Public Nuisance; (3) Public Nuisance *Per Se*; (4) Violation of Masha's Law, 18 U.S.C. § 2255; and Plaintiff seeks to recover punitive damages and attorneys' fees and expenses pursuant to O.C.G.A. §§ 13-6-11, 9-15-14, and 18 U.S.C. § 1595(a). Despite her lengthy Complaint, Plaintiff failed to allege viable claims for public nuisance, public nuisance *per se*, or a violation of Masha's law. While Defendants dispute and deny each of her claims, her Complaint does not sufficiently pled a claim for public nuisance, public nuisance *per se*, or violation of Masha's Law upon which relief could be granted. Instead, Plaintiff offered mere recitations of the legal elements of these claims that are unsupported by factual assertions specific to each Defendant because the conclusory allegations within Plaintiff's Complaint are ineffective. For these reasons, this Court should dismiss these claims

## II. Relevant Facts

Plaintiff J.H. contends she was a victim of sex trafficking that allegedly occurred at a Motel 6 while she was a minor. (*See* Pl. Compl., at ¶¶ 1, 11). Specifically, she asserts the alleged trafficking occurred during unspecified time periods during 2013-2014. (*Id.*) As her first cause of action, Plaintiff asserts that Defendants violated the Trafficking Victims Protection Reauthorization Act ("TVPRA"), codified at 18 U.S.C. § 1595, for knowingly benefitting from

participation in a "hotel/motel venture" that they knew or should have known violated the TVPRA by causing Plaintiff to be trafficked for sex. (*See* Pl. Compl., at ¶¶ 53-66).

Count II of Plaintiff's Complaint asserts a nuisance claim. (*See*, generally, Pl. Compl., at ¶¶ 67-80). Plaintiff quoted Georgia's various statutes defining a nuisance. (*See* Pl. Compl., at ¶¶ 68-71). Notably, O.C.G.A. § 41-1-2 provides that "A public nuisance is one which damages all persons who come within the sphere of its operation, though it may vary in its effects on individuals." (*See* Pl. Compl., at ¶ 69). O.C.G.A. § 41-1-3 further explains that "A public nuisance generally gives no right of action to any individual. However, *if a public nuisance in which the public does not participate causes special damage to an individual*, such special damage shall give a right of action." (*See* Pl. Compl., at ¶ 70; O.C.G.A. § 41-1-3) (emphasis added). In support of her public nuisance claim, Plaintiff simply recites this statutory language without factual allegations and state "The Motel 6 caused or contributed to a blighting effect on the surrounding community, so that the Motel 6 negatively damaged all persons who came within the sphere of the operation of the crime, sex trafficking, and prostitution at the Motel, although the effects on each person may have varied….[including by] permitting persons of questionable character, and encouraged idleness, loitering, vagrancy, and had a tendency to breed crime and debauch the morals of the community." (*See* Pl. Compl., at ¶¶ 73-74). But her

Complaint is missing well-pled facts explaining how *all persons* who visited the motel were damaged. Although Plaintiff echoes the non-descript phrase "blighting effect on the surrounding community", she failed to offer factual details as to the damage to all persons.[1] (*See* Pl. Compl., at ¶¶ 73-74). Likewise, there is also no assertion that the public did *not* participate in the nuisance despite it being a requirement for a public nuisance according to the statutory language. (*See* O.C.G.A. § 41-1-3; Pl. Compl., at ¶ 70). Rather, Plaintiff alleges the opposite: that numerous individuals of the public participated in the trafficking because she claims that "[o]n a given day a hundred or more buyers of sex would come and go from the Motel 6." (*See* Pl. Compl., at ¶ 27). The section of Plaintiff's Complaint regarding "Public Nuisance Per Se" offers no further details on these necessary elements of their claim.

In Count III, Plaintiff alleges statutory liability under 18 U.S.C. § 2255, also known as Masha's Law, claiming that Defendants directly participated in her child sex trafficking in violation of 18 U.S.C. § 1591. (*See* Pl. Compl., ¶ 84). In the last section of their Complaint, Plaintiff describe their alleged damages and asserts she is entitled to punitive damages and attorneys' fees. (*See* Pl. Compl., at ¶¶ 87-90).

In preparing their response to the allegations in Plaintiff's Complaint, Defendants now respectfully move this Court to dismiss her nuisance and Masha's

---

[1] Plaintiff alleges that the nuisance "had a tendency to breed crime and debauch the morals of the community" but these, too, are general and conclusory allegations lacking facts to support their public nuisance claim. (*See* Pl. Compl., ¶ 74).

law claims for Plaintiff's failure to properly state a claim upon which relief may be granted.[2]

## III. Argument and Citation of Authority

The federal standard that a complaint should provide a short and plain statement that the pleader is entitled to relief demands "more than an unadorned, the defendant-unlawfully-harmed-me accusation." FED. R. CIV. P. 8(a)(2); *Chapparo v. Carnival Corp.*, 692 F.3d 1333, 1337 (11th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). While courts accept well-pled factual allegations as true and may draw reasonable inferences in a plaintiff's favor, a complaint must state a claim for relief "that is plausible--and not merely possible--on its face." *Almanza v. United Airlines, Inc.*, 851 F.3d 1060, 1066 (11th Cir. 2017) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'")). Although detailed factual allegations are not necessarily required, the pleading must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Naked assertions without factual support are insufficient to state a claim upon which relief can be

---

[2] To be clear, however, Defendants dispute and deny each of the claims asserted against them in Plaintiff's Complaint.

granted. *See Iqbal*, 556 U.S. at 678; *see also D.H. v. Tucker Inn Inc.*, 689 F. Supp. 3d 1304, 1308. Mere legal conclusions must be eliminated from the complaint when considering a motion to dismiss. *See Iqbal*, 556 U.S. at 679; *see also Holland v. Carnival Corp.*, 50 F.4th 1088, 1093 (11th Cir. 2022).

### a. *Plaintiff did not state a claim for public nuisance or public nuisance per se upon which relief can be granted.*

The Complaint is replete with legal conclusions and naked assertions under Plaintiff's claims for public nuisance or public nuisance *per se* that are insufficient to state a claim for relief. Georgia law provides that "[a] public nuisance is one which *damages all persons* who come within the sphere of its operation, though it may vary in its effects on individuals." *See* O.C.G.A. § 41-1-2 (emphasis added). Although a public nuisance generally does not give a cause of action, O.C.G.A. § 41-1-3 further explains "if a public nuisance *in which the public does not participate* causes special damage to an individual, such special damage shall give a right of action." O.C.G.A. § 41-1-3 (emphasis added). These are the necessary elements of a public nuisance action, yet they are missing from Plaintiff's Complaint.

In her Complaint, Plaintiff vaguely contends that "[t]he Motel 6 caused or contributed to a blighting effect on the surrounding community, so that the Motel 6 negatively damaged all persons who came within the sphere of the operation of the crime, sex trafficking, and prostitution at the Motel 6." (*See* Pl. Compl., 73). Despite this nod to the statutory language, Plaintiff failed to provide facts specific to the

alleged damage to all persons coming into the sphere of the nuisance. Nor did she offer facts as to all persons of the public, other than Plaintiff, who were allegedly damaged. The alleged "blighting effect on the community" and "negative damage" to all persons is undefined and lacks any factual support. Such an allegation that simply recites the statutory language is not sufficient to establish a public nuisance claim against either Defendant. *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) ("'a formulaic recitation of the elements of a cause of action' is not adequate to survive a Rule 12(b)(6) motion to dismiss.").

Even more importantly, Georgia law authorizes a cause of action for a public nuisance *only* when the public does *not* participate and it causes special damage to an individual. *See* O.C.G.A. § 41-1-3. Here, Plaintiff asserts the opposite – that hundreds of individuals participated in the alleged nuisance. (*See* Pl. Compl., at ¶ 27) (claiming that "[o]n a given day a hundred or more buyers of sex would come and go from the Motel 6."). This element requiring that the public not participate in the nuisance is not only expressly included in its language, but ingrained in the purpose of the statute because it requires a showing that all persons who come into contact with the nuisance are harmed. Evidence, like here, confirming that those who entered the sphere of the alleged nuisance were not injured erases a public nuisance claim. *See White v. Ga. Power Co.*, 265 Ga. App. 664, 668, 595 S.E.2d 353 (2004) (where mothers brought public nuisance claim for the drowning of their sons after

Georgia Power Company operated a dam and ramp without warning signs, and the court dismissed the claim because other boys in the group were not harmed and there were no similar prior incidents). There is no valid public nuisance claim against these Defendants because Plaintiffs have not alleged that all persons who came into the operation of the hotel were injured. As a lodging facility, the hotel served various patrons over the years and Plaintiff does not assert – and cannot reasonably claim – that all guests of the hotel were injured by the alleged public nuisance. Without evidence of this essential element, her public nuisance claim must be dismissed.

Control over the cause of the harm is another essential element of a nuisance claim. *See Fielder v. Rice Constr. Co. Inc.*, 239 Ga. App. 362, 522 S.E.2d 13 (1999). To prove control, Plaintiffs must allege "that the injury complained of was caused by some act or omission of the defendant[s], or that the conduct of the defendant[s] was the preponderating cause thereof." *Brimberry v. Savannah, F. & W. Ry. Co.*, 78 Ga. 641, 3 S.E. 274 (1887). Here, Plaintiff's harm was directly caused by her traffickers and the buyers who abused her – not the Defendants. It is significant that Plaintiff alleges the Defendants participated in a hotel/motel venture, and not a sex trafficking venture, because the conduct at issue then is the operation of the hotel. (*See* Pl. Compl,, ¶¶ 57-58).[3] While Defendants may have controlled the operation of

---

[3] In Paragraph 58 of her Complaint, Plaintiff contends that "[e]ach Defendant also participated in a venture involving Plaintiff's sex trafficker" but simply describes this as the "rental of rooms for profit to Plaintiff's sex trafficker." The room rental

the hotel, they did not control the physical and sexual abuse allegedly endured by Plaintiff at the hands of her trafficker and various buyers. Accordingly, Plaintiff cannot establish the Defendants as having control over her harm, which is fatal to her public nuisance claim.

Interestingly, Plaintiff claims, contradictorily, that the "harmful effects of the nuisance continue to harm the public to this day" yet asserts the hotel was demolished in 2016 "bringing to close the rampant criminal, illegal, and dangerous activity on the property, including child sex trafficking." (*See* Pl. Compl,, ¶¶ 41, 74). While Georgia courts have said there is no traditional statute of limitations for a public nuisance claim, those rulings were based upon the continuing nature of the nuisance, but here, the alleged nuisance ended in 2016 when the hotel was demolished. *See Davis v. City of Forsyth*, 275 Ga. App. 747, 750, 621 S.E.2d 495 (2005) ("The … statute of limitations does not run in favor of … public nuisances [because] of the impropriety of imputing laches to the public."); *See also* Pl. Compl., ¶ 41). Thus, the alleged nuisance ended in 2016 but Plaintiff waited 10 years to bring her claim for personal injuries arising from such nuisance, which should be subject to the two-year statute of limitations for personal injuries and bar this claim.

---

does not change the venture from the mere operation of the hotel. It is further significant that they do not allege any further participation in the trafficking.

For all of these reasons, Plaintiff's claims for public nuisance be dismissed. Likewise, her claim for public nuisance *per se* must also be dismissed. Her *per se* claim cannot succeed for the same reasons her public nuisance claim fails. Furthermore, it is significant that Plaintiff did not allege that either Defendant had previously been declared a public nuisance as would be necessary for a nuisance *per se* claim without other support.

### b. Plaintiff's Complaint fails to state a viable claim under Masha's Law.

Count III seeks statutory liability against Defendants pursuant to 18 U.S.C. § 2255, also known as Masha's Law. Yet, Plaintiff's TVPRA claim is solely based on 18 U.S.C. § 1595(a), which is the civil beneficiary provision of the TVPRA. There is another TVPRA statute, 18 U.S.C. § 1591, that allows for criminal liability for perpetrators of sex trafficking. Count III fails as a matter of law because Plaintiff has not alleged facts sufficient to establish this criminal liability under the predicate statute 18 U.S.C. § 1591. Importantly, Plaintiff's complaint makes clear that they are not seeing recovery under the criminal statute, nor has any criminal charge been brought against the Defendants for the incidents from which Plaintiff's claim arise. Moreover, Plaintiff's Complaint further fails to establish two necessary elements for a violation of the alleged predicate statutory violation. For these reasons, Plaintiff cannot recover under 18 U.S.C. § 2255, and this claim should be properly dismissed.

Masha's Law permits for the recovery of monetary damages to victims of certain crimes if such criminal acts occurred when the victim was a minor. Specifically, the statute provides as follows at section (a):

> **In general**. Any person who, while a minor, was a victim of a violation of section 1589, 1590, 1591, 2241(c), 2242, 2243, 2251, 2251A, 2252, 2252A, 2260, 2421, 2422, 2423 of this title… and who suffers personal injury as a result of such violation, regardless of whether the injury occurred while such person was a minor, may sue in any appropriate United States District Court and shall recover the actual damages such person sustains or liquidated damages in the amount of $150,000, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred….

18 U.S.C. § 2255(a). Based on the plain text of the statutory language, Masha's Law only applies to victims of violations of certain statutes, which are clearly enumerated in the statute. In fact, all of the 14 specified statutes to which Masha's Law applies are criminal statutes. This makes sense because the purpose of Masha's Law is to provide a civil cause of action for victims to assert against perpetrators of certain crimes. A simple exercise of statutory interpretation supports the dismissal of this claim. Courts are required to interpret statutory language "according to its plain meaning as understood within its statutory context." *Turner v. U.S. Atty. Gen.*, 130 F.4th 1254, 1258 (11th Cir. 2025). Where the statute's language is plain, the sole function of the courts is to enforce it according to its terms. *Caminetti v. United States*, 242 U.S. 470, 485 (1917).

Here, a plain reading of Masha's Law shows that it does not apply to violations of 18 U.S.C. § 1595. If Congress had intended it to apply to such claims, it could have done so. Indeed, the statute has been amended on several occasions to modify the language of the statute and to include additional statutes to which it applies – all of which are criminal statutes. Yet, despite multiple revisions, 18 U.S.C. § 1595 – the specific statute upon which Plaintiff's TVPRA claims rely – has never been included in Masha's Law. Plaintiff's TVPRA claims are based on alleged beneficiary violations of 18 U.S.C. § 1595, not perpetrator claims. Although Plaintiff makes reference to 18 U.S.C. § 1591. Plaintiff has not plausibly alleged facts establishing knowledge and the predicate criminal activity,

Furthermore, 18 U.S.C. § 1591 requires the Defendants to have "knowingly – (1) in or affecting interstate or foreign commerce, or within the…territorial jurisdiction of the United States, recruit[ed], entice[d], harbor[ed], transport[ed], provide[d], maintain[ed], patronize[d], or solicit[ed] by any means a person; or (2) benefit[ted], financially or by receiving anything of value, from participation in a venture which has engaged in an act described in violation of paragraph (1), *knowing*…that the means of force, threats of force, fraud, coercion…, or any combination of such means will be used to cause the person to engage in a commercial sex act, or that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act…" 18 U.S.C. § 1591 (emphasis added).

-12-

Thus, the statute requires Plaintiff to show the Defendants' at-issue conduct was in or affected interstate or foreign commerce, and that Defendants knew Plaintiff was younger than 18 years of age and was going to be engaged in a commercial sex act. (*Id.*)

Here, Plaintiff offered no factual basis whatsoever to support the allegation that Defendants' conduct and venture "utilized the channels and instrumentalities of, or otherwise affected, interstate or foreign commerce, among others including highways and interstates, vehicles traveling and sold in, good and services, advertisement, and the internet." (*See* Pl. Compl., 60). In fact, Plaintiff only complains of issues with the Defendants' conduct at the hotel and not about any goods or services provided by Defendants that may use the channels of interstate commerce. There are simply no facts supporting this conclusory allegation that Defendants' conduct affected interstate or foreign commerce. Without more, Plaintiff cannot prevail under a Masha's law claim for the alleged violation of 18 U.S.C. § 1591 (a)(1).

Section 1591 requires Plaintiff to plead facts supporting that Defendants acted "knowingly" or in reckless disregard of both the trafficking conduct and Plaintiff's minor status; conclusory assertions of what Defendants "should have known" are insufficient as a matter of law. As for the age element, Plaintiff must establish whether under 18 U.S.C. 1591 (a) subsection (1) or (2) that Defendants knew she

was a minor. But Plaintiff's Complaint merely alleges that "J.H.'s young age was apparent to anyone who encountered or observed her" yet she offered no facts as to how the Defendants *knew* she was a minor as required for a claim under Masha's Law and the predicate violation of 18 U.S.C. §1591. (*See* Pl. Compl., ¶ 11). To the contrary, Plaintiff alleges that she often wore make up and adult clothing while at the hotel. (*See* Pl. Compl., ¶ 14 (alleging that motel staff would have seen Plaintiff "in clothing and makeup typical of girls being sold for sex, like fishnet, lingerie, shear fabric, booty shorts…")). Plaintiff's formulaic statement of the statutory elements asserting the "Front desk staff knew or should have known that J.H. was a minor who was being sold for sex" is not enough to defeat a motion to dismiss. (*See* Pl. compl., ¶¶ 17, 24). While Plaintiff alleges that J.H.'s alleged lack of an ID shows that she was underage, this is conclusory at best and does not sufficiently plead factual allegations that the Defendants knew or should have known her age or that she was under the age of 18. (*See* Pl. compl., ¶¶ 22). Standing alone, the absence of identification does not give rise to a reasonable inference that Plaintiff was under the age of 18. There are a multitude of reasons why someone might not have an ID that do not have anything to do with age.

Accordingly, Plaintiff's claim under Masha's Law falls short and it should be dismissed by this Court.

-15-

## IV. Conclusion

For the foregoing reasons, Defendants CT Hotels, LLC and Diplomat CT Hotels, LLC respectfully request that this Court GRANT the Motion to Dismiss.

Respectfully submitted, this 30th day of June, 2026.

SWIFT, CURRIE, McGHEE & HIERS

By:    */s/ Kori E. Wagner*
KORI E. WAGNER
Georgia Bar No.: 155438
MARISSA H. MERRILL
Georgia Bar No. 216039
TRACY A. GILMORE
Georgia Bar No. 633193
*Attorneys for Defendants CT Hotels,*
*LLC and Diplomat CT Hotels, LLC*

1420 Peachtree Street, NE, Suite 800
Atlanta, GA 30309-4347
(404) 874-8800
kori.wagner@swiftcurrie.com
marissa.merrill@swiftcurrie.com
tracy.gilmore@swiftcurrie.com

## <u>CERTIFICATE OF COMPLIANCE</u>

Counsel hereby certifies that this document has been prepared with one of

the font and point selections approved by the Court pursuant to L.R. 5.1(C) of the

Northern District of Georgia, specifically, 14 point, Times New Roman font.

SWIFT, CURRIE, McGHEE & HIERS

By:   */s/ Kori E. Wagner*
KORI E. WAGNER
Georgia Bar No.: 155438
MARISSA H. MERRILL
Georgia Bar No. 216039
TRACY A. GILMORE
Georgia Bar No. 633193
*Attorneys for Defendants CT Hotels,*
*LLC and Diplomat CT Hotels, LLC*

1420 Peachtree Street, NE, Suite 800
Atlanta, GA 30309-4347
(404) 874-8800
kori.wagner@swiftcurrie.com
marissa.merrill@swiftcurrie.com
tracy.gilmore@swiftcurrie.com

## CERTIFICATE OF SERVICE

This is to certify that on the 30th day of June, 2026, I have caused to be served upon counsel for all parties a true and correct copy of the foregoing ***Brief in Support of Defendants CT Hotels, LLC and Diplomat CT Hotels, LLC's Motion to Dismiss Certain Claims*** by filing same through use of the Court's online filing system, the CM/ECF system for the United States District Court for the Northern District of Georgia, which will serve all counsel of record.

SWIFT, CURRIE, McGHEE & HIERS

By: ***/s/ Kori E. Wagner***
KORI E. WAGNER
Georgia Bar No.: 155438
MARISSA H. MERRILL
Georgia Bar No. 216039
TRACY A. GILMORE
Georgia Bar No. 633193
*Attorneys for Defendants CT Hotels, LLC and Diplomat CT Hotels, LLC*

1420 Peachtree Street, NE, Suite 800
Atlanta, GA 30309-4347
(404) 874-8800
kori.wagner@swiftcurrie.com
marissa.merrill@swiftcurrie.com
tracy.gilmore@swiftcurrie.com

-17-
