IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

J.H.,                                           :
                                                :
        Plaintiff,                              :
                                                :        CIVIL ACTION
                                                :
v.                                              :
                                                :        FILE NO.: 1:26-cv-01430-VMC
CT HOTELS, LLC and DIPLOMAT  :
CT HOTELS, LLC,                                 :
                                                :
        Defendant.                              :

## DEFENDANTS' INITIAL DISCLOSURES

Pursuant to FED. R. CIV. P. 26(a)(1) and Local Rule 26.1, Defendants CT Hotels, LLC and Diplomat CT Hotels, LLC ("Defendants") serve their Initial Disclosures based upon information reasonably available at this time.  Defendants reserve the right to supplement or amend these initial disclosures (either through express supplements to these disclosures or through discovery responses) if additional information becomes available, pursuant to FED. R. CIV. P. 26(e) and Local Rule 26.1.  With that, Defendants states as follows:

**(1)     If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.**

**Response:**   Defendants are properly identified by name in Plaintiffs' Complaint, but Defendant Diplomat CT Hotels, LLC states that it is not a proper party to this litigation.

**(2)    Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff.  If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.**

**Response:**  Defendants' investigation and analysis of the allegations made in Plaintiff's Complaint for Damages is still ongoing.  Accordingly, Defendants are unable to provide a complete answer to this Initial Disclosure at this time. However, Defendants contend that Terrance Lamar Jones may be a proper Defendant. Additionally, and as suggested in Plaintiff's Complaint, any unidentified "buyers" or "men" with whom Plaintiff allegedly was forced to have sex may also be proper defendants.  Defendants will identify and send notice as permitted and required by law with respect to any person or entities whom it contends the jury should consider.

**(3)    Provide a detailed factual basis for the defense or defenses and any counterclaims or cross-claims asserted by defendant in the responsive pleading.**

**Response:**   Defendants did not violate the Trafficking Victims Protection Reauthorization Act ("TVPRA"), Masha's law or Georgia Nuisance Laws, including neither Public nor Public Nuisance Per Se ("Nuisance").  Specifically, Defendants did not participate in a venture in which it knew or should have known was engaged in either forced labor or sex trafficking.  Moreover, Defendants did not knowingly benefit from any such venture.  Defendants did not owe a duty to Plaintiff and Plaintiff's injuries were not caused, proximately or directly, by any act or omission of Defendants.  Any losses or injury sustained by Plaintiff was caused by Terrance Lamar Jones or other unidentified persons or entities over whom Defendants have or had no control or responsibility.

Defendants did not violate Masha's Law. Plaintiff's claim under 18 U.S.C. § 2255 fails as a matter of law because it is predicated on 18 U.S.C. § 1595, a statute that is not among the offenses enumerated in § 2255 and has never been included despite multiple amendments to that provision. As Plaintiff cannot state a viable claim under Masha's Law, Defendants could not have violated this statute.

Defendants did not violate Georgia's public nuisance laws. Plaintiff's public nuisance and nuisance per se claims are pled as bare legal conclusions, without the facts required to sustain them. Under O.C.G.A. § 41-1-2, a public nuisance is one that damages all persons within its sphere of operation, and under § 41-1-3, a private right of action only exists where the public does not participate in the

nuisance and an individual suffers special damage as a result. Plaintiff pled neither. Plaintiff has failed to identify any facts showing harm to the public. Generally, and in her own allegations, she alleges numerous buyers frequented the property daily and Plaintiff was forced into contact with them. This describes public participation in the alleged conduct, not exclusion from it. Because Plaintiff's own facts foreclose the very element the statute requires, the Defendants did not violate Georgia's Public Nuisance laws.

Furthermore, Defendants deny they acted in bad faith. Defendants' investigation and analysis of the allegations made in the Plaintiff's Complaint are ongoing. Defendants reserve the right to supplement or amend these Initial Disclosures as appropriate.

**(4)** **Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendants contend are applicable to this action**.

**Response:**

- Trafficking Victims Protection Reauthorization Act, including 18 U.S.C. §§ 1589, 1591, 1595;

- Masha's Law U.S.C. 18 § 2255;

- O.C.G.A. § 41-1-2 and O.C.G.A. § 41-1-3;

- Georgia Public Nuisance and Nuisance Per Se Laws;

- *Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714 (11th Cir. 2021);

- *U.S. v. Afyare*, 632 Fed. App'x 272, 286 (6th Cir. 2016);

- *Noble v. Weinstein*, 335 F.Supp.3d 504, 523-24 (S.D.N.Y. 2018);

- *Geiss v. Weinstein Co. Holdings, LLC,* 383 F.Supp.3d 156, 170 (S.D.N.Y. 2019);

- *M.A. v. Wyndham Hotels & Resorts, Inc.,* 425 F.Supp.3d 959, 970 (S.D. Ohio Oct 7, 2019);

- *A.B. v. Marriott Int'l, Inc.,* 455 F.Supp.3d 171, 22-23 (E.D. Penn 2020);

- *Riccio v. McLean*, 853 F.3d 553 (1st Cir. 2018);

- *Lawson v. Rubin*, No. 17-6404, 2018 U.S. Dist. LEXIS 71582 (E.D.N.Y. Apr. 29, 2018);

- *C.C. v. H.K. Group of CO., Inc. d/b/a Stone Mountain Inn & Suites; HKB Hotel Group, LLC,* No. 1:21-cv-1345-TCB [Doc. 64] (N.D. Ga. Feb. 9, 2022).

- *A.B. v. H.K. Group of CO., Inc. d/b/a Stone Mountain Inn & Suites; HKB Hotel Group, LLC,* No. 1:21-cv-1344-TCB [Doc. 62] (N.D. Ga. Feb. 9, 2022)

- *Fair v. CV Underground*, 340 Ga. App. 790 (2017);

- *Sun Trust Banks v. Killebrew*, 266 Ga. 109 (1995);

- *Turner v. U.S. Atty. Gen.*, 130 F.4th 1254, 1258 (11th Cir. 2025);

- *A.G. v. Northbrook Indus.*, 171 F.4th 1257, 1262 (2026); and

- Any other case law and other legal authority related to or implicated by claims brought for violations of the TVPRA, Masha's Law and Georgia Public Nuisance Laws.

The foregoing authorities are neither exclusive nor exhaustive, and Defendants may rely upon other authority not cited herein. Defendants'

investigation and analysis of the allegations made in Plaintiff's Complaint are ongoing and therefore they reserve the right to supplement or amend this Initial Disclosure as appropriate.

**(5)    Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information.    (Attach witness list to Initial Disclosures as Attachment A).**

<u>Response:</u>    *See* Attachment A.    Defendants' investigation and analysis of the allegations made in the Plaintiff's Complaint are ongoing and therefore Defendants reserve the right to supplement or amend the Initial Disclosures as appropriate.

**(6)    Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.    For all experts described in Fed. R. Civ. P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule.    (Attach expert witness list and written reports to Initial Disclosures as Attachment B).**

<u>Response:</u>    Defendants have not determined who they will present as expert(s) at trial, but will supplement this response when they determine which, if any, expert(s) they will present.

**(7)    Provide a copy of, or description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information.    (Attach document list and descriptions to Initial Disclosures as Attachment C).**

**Response:**  *See* Attachment C.  Defendants' investigation and analysis of the allegations made in the Plaintiff's Complaint for Damages are ongoing and therefore Defendants reserve the right to supplement or amend the Initial Disclosures as appropriate.

**(8)    In the space provided below, provide a computation of any category of damages claimed by you.  In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed. R. Civ. P. 34.  (Attach any copies and initial descriptions to Initial Disclosures as Attachment D.)**

**Response:**  Defendants do not seek to collect any damages from Plaintiff and for that reason does not include an Attachment D.

**(9)    If defendants contend that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendants in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.**

**Response:**  Plaintiff's trafficker(s), Terrance Lamar Jones, as well as any other unidentified individuals and/or criminal organizations who allegedly trafficked Plaintiffs or were involved in their trafficking including any "johns" or "buyers."  Defendants will supplement this response if necessary and as provided by the Federal Rules of Civil Procedure.

**(10)    Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment.  (Attach copy of insurance agreement to Initial Disclosures as Attachment E).**

**Response:** *See* Attachment E.

[SIGNATURE ON NEXT PAGE]

Respectfully submitted, this 30th day of July, 2026.

SWIFT, CURRIE, McGHEE & HIERS

By:    */s/ Marissa H. Merrill*
          KORI E. WAGNER
          Georgia Bar No.: 155438
          MARISSA H. MERRILL
          Georgia Bar No. 216039
          TRACY A. GILMORE
          Georgia Bar No. 633193
          *Attorneys for Defendants*

1420 Peachtree Street, NE, Suite 800
Atlanta, GA 30309-4347
(404) 874-8800
kori.wagner@swiftcurrie.com
marissa.merrill@swiftcurrie.com
tracy.gilmore@swiftcurrie.com

## CERTIFICATE OF COMPLIANCE

Counsel hereby certifies that this document has been prepared with one of the font and point selections approved by the Court pursuant to L.R. 5.1(C) of the Northern District of Georgia, specifically, 14 point, Times New Roman font.

SWIFT, CURRIE, McGHEE & HIERS

By:   ***/s/ Marissa H. Merrill***
      KORI E. WAGNER
      Georgia Bar No.: 155438
      MARISSA H. MERRILL
      Georgia Bar No. 216039
      TRACY A. GILMORE
      Georgia Bar No. 633193
      *Attorneys for Defendants*

1420 Peachtree Street, NE, Suite 800
Atlanta, GA 30309-4347
(404) 874-8800
kori.wagner@swiftcurrie.com
marissa.merrill@swiftcurrie.com
tracy.gilmore@swiftcurrie.com

-10-

## CERTIFICATE OF SERVICE

This is to certify that on the 30th day of July, I have caused to be served upon counsel for all parties a true and correct copy of the foregoing ***Defendants CT Hotels, LLC and Diplomat CT Hotels, LLC Initial Disclosures*** by filing same through use of the Court's online filing system, the CM/ECF system for the United States District Court for the Northern District of Georgia, which will serve all counsel of record.

SWIFT, CURRIE, McGHEE & HIERS

By:   ***/s/ Marissa Merrill***
KORI E. WAGNER
Georgia Bar No.: 155438
MARISSA H. MERRILL
Georgia Bar No. 216039
TRACY A. GILMORE
Georgia Bar No. 633193
*Attorneys for Defendants*

1420 Peachtree Street, NE, Suite 800
Atlanta, GA 30309-4347
(404) 874-8800
kori.wagner@swiftcurrie.com
marissa.merrill@swiftcurrie.com
tracy.gilmore@swiftcurrie.com

4924-9241-0562, v. 1

-11-

## ATTACHMENT A

Based on information reasonably available to Defendants at the time of this disclosure, Defendants identifies the following individuals who may have discoverable information that may be used to support Defendants' defenses. Defendants reserve the right to supplement or amend this list of individuals based on facts that may be disclosed during discovery.

1. Plaintiff J.H.
   c/o Stephen Morrison
   Patrick J. McDonough
   Jonathan S. Tonge
   Andersen, Tate & Carr, P.C.

   Upon information and belief, Plaintiff will be able to testify as to their basis for asserting claims against Defendants as set forth in Plaintiff's Complaint;

2. Terrance Lamar Jones

   Upon information and belief, Danny Lamar Wilcoxson, Plaintiffs' trafficker is likely to have information regarding the facts giving rise to Plaintiffs' Complaint for Damages;

3. Unidentified "johns" and "buyers"

   Upon information and belief, unidentified individuals involved in Plaintiff's trafficking are likely to have information regarding the facts giving rise to Plaintiff's Complaint for Damages;

4. Agents/Representatives of Defendants CT Hotels, LLC and Diplomat CT Hotels, LLC may have information relating to the Baymont by Wyndham Smyrna and its policies and procedures;

   c/o Kori Wagner
   Marissa Merrill
   Tracy A. Gilmore

-13-

Swift Currie McGhee & Hiers
Counsel for Defendants

5. All witnesses identified in Plaintiff's Complaint;

6. Any witnesses identified in Plaintiff's Initial Disclosures and all discovery responses;

7. Any witnesses identified in any document production exchanged between the parties;

8. Any witness identified during any future deposition in this case; and

9. Any person who investigated or responded to the incidents involving Plaintiff.

Defendants will supplement its responses to this Initial Disclosure, as required under the Federal Rules of Civil Procedure and Local Rules, as their investigation and discovery continues.

## ATTACHMENT C

Based on information reasonably available to Defendants at the time of this disclosure, Defendants identify the following categories of documents that may be used to support Defendant's defenses. Defendants reserve the right to supplement or amend this list of documents based on facts that may be disclosed during discovery.

1. Documents relating to Plaintiff J.H.;

2. Written or electronic communications between Plaintiff J.H. and her trafficker(s);

3. Social media posts made by Plaintiff J.H. and/or relating to her;

4. Documents relating to and/or documenting Plaintiff J.H.'s stay at the Baymont hotel;

5. Documents relating to and/or documenting Plaintiff's trafficker(s)' stay at the Baymont hotel;

6. Documents evidencing policies and procedures in place at the Baymont during the time of Plaintiff's stay at the hotel;

7. Documents evidencing damages sustained by Plaintiff J.H. as a result of Acts or omissions by her trafficker(s);

8. Documents evidencing damages sustained by Plaintiff J.H. as a result of acts or omissions by any unidentified individuals or entities who are not named in this lawsuit;

9. Documents evidencing damages sustained by Plaintiff J.H., if any, as a Result of acts or omissions by Defendants;

10. Documents relating to any investigation by law enforcement or related

-15-

agency into Plaintiff's trafficking; and

11. Documents relating to any investigation by law enforcement or related agency into Plaintiff's trafficker for the subject incidents alleged in Plaintiff's Complaint;

Defendants will supplement their responses to this Initial Disclosure, as required under the Federal Rules of Civil Procedure and Local Rules, as their investigation and discovery continues.

-16-

**ATTACHMENT E**

Defendants identify the following policies:

- Allied World National Assurance Company Policy No. 0309-2011-285805 effective 1/15/2016 to 1/15/2016; and

- Owners Insurance Company Policy No. 154618-80241730-15 effective 01/15/2015 to 01/15/2016

Defendants have served upon counsel for Plaintiff a copy of the redacted Declarations pages of the above-referenced insurance policies, which are Bates labeled as CT0001-0012. Defendants will produce a sharefile link to a true and correct, redacted copy of these policies upon receipt of the certified copies of the policies.

4924-9241-0562, v. 1