IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

J.H.,                                          :
                                               :
        Plaintiff,                             :
                                               :        CIVIL ACTION
                                               :
v.                                             :
                                               :        FILE NO.: 1:26-cv-01430-VMC
CT HOTELS, LLC and DIPLOMAT                    :
CT HOTELS, LLC,                                :
                                               :
        Defendant.                             :

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

Plaintiff J.H. ("Plaintiff") and CT Hotels, LLC and Diplomat CT Hotels, LLC

("Defendants") conferred and participated in the Rule 26(f) conference on July 9,

2026, and hereby file this Joint Preliminary Report and Discovery Plan:

**1.     Description of Case:**

    **(a)     Describe briefly the nature of this action:**

This case arises from allegations that Plaintiff was trafficked for sex beginning

in 2013 through 2015 at the Motel 6 hotel located at 3585 Chamblee Tucker Road,

Atlanta, Georgia, which Plaintiff contends is owned and operated by Defendants.

Plaintiff asserts a claim of statutory liability against Defendants pursuant to the

-1-

Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595 and Masha's Law pursuant to 18 U.S.C. § 2255, as well as claims for public nuisance, public nuisance per se, and punitive damages and attorneys' fees. Defendants deny all of the allegations and claims asserted against them

**(b)    Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

<u>**Plaintiff:**</u>

Plaintiff alleges that from 2013 to 2015, she was a victim of trafficking at the Motel 6 former at 3585 Chamblee Tucker Road in Atlanta, Georgia, which Defendants owned, operated, managed, or controlled, beginning when she was just 14 years old. Plaintiff further alleges that (1) Defendants benefited financially from Plaintiff's sex trafficking; (2) Defendants (through their employees or agents) helped facilitate Plaintiff's sex trafficking; (3) Defendants knew or should have known that the hotel was a venue for sex trafficking and other sex crimes; and (4) that Defendants' hotel was a nuisance that caused her special damages.

<u>**Defendants:**</u>

This matter arises out of allegations that Plaintiff suffered damages resulting from her being trafficked for sex by her trafficker(s) at the Motel 6 hotel, located at 3585 Chamblee Tucker Road, Atlanta, Georgia, beginning in 2013 through 2015. Plaintiff now sues Defendants upon the belief that both Defendants were involved

in owning, operating, or managing the Motel 6 hotel. Defendants deny all allegations of wrongdoing and any related liability in response to Plaintiff's allegations.

(c)    **The legal issues to be tried are as follows:**

1.    Whether Defendant CT Hotels, LLC "knowingly benefit[ted], financially or by receiving anything of value" from Plaintiff's trafficking;

2.    Whether Defendant Diplomat CT Hotels, LLC "knowingly benefit[ted], financially or by receiving anything of value" from Plaintiff's trafficking;

3.    Whether Defendant CT Hotels, LLC participated in a venture which it knew or should have known was engaged in sex trafficking;

4.    Whether Defendant Diplomat CT Hotels, LLC participated in a venture which it knew or should have known was engaged in sex trafficking;

5.    Whether Defendant CT Hotels, LLC operated a nuisance hotel; and

6.    Whether Defendant Diplomat CT Hotels, LLC operated a nuisance hotel; and

7.    Whether Plaintiff J.H. suffered any damages as a result of acts or omissions by Defendants and, if so, in what amounts;

8.    Whether Plaintiff J.H. suffered any damages proximately caused by the acts or omissions of other persons or entities, and not Defendants;

9.      Whether any other individual(s) or entity/ies caused or contributed to Plaintiff J.H. claimed injuries and damages and, if so, the percentage attributable to any such other individual(s) or entity/ies;

10.      Whether Defendants acted in bad faith, been stubbornly litigious, or has caused Plaintiff unnecessary trouble and expense; and

11.      Whether any of Defendants' actions or inactions, as supported by the evidence, are sufficient to support Plaintiff's claims for punitive damages.

12.      Whether and in what amount Plaintiff is entitled to an award of reasonable attorney's fees, expenses, and costs.

13.      Whether Defendants are liable under Masha's law, 18 U.S.C. § 2255, because Plainitff was a minor victim of an enumerated sex-trafficking crime, *e.g.*, 18 U.S.C. § 1591, and suffered personal injury as a result of that violation. Relatedly, if Defendants are so liable, for what amount.

14.      Any and all related issues concerning Plaintiffs' claims or Defendants' defenses.

(d)      **The cases listed below (include both style and action number) are:**

      1.      Pending Related Cases: none

      2.      Previously Adjudicated Related Cases: none

**2.      This case is complex because it possesses one (1) or more of the features listed below (please check):**

    _____ (1)      Unusually large number of parties

_____ (2)        Unusually large number of claims or defenses

__X__ (3)        Factual issues are exceptionally complex

__X__ (4)        Greater than normal volume of evidence

Plaintiff is not aware of a basis for asserting this case entails greater than normal volume of evidence and so cannot agree with Defendants at this time.

__X__ (5)        Extended discovery period is needed

__X__ (6)        Problems locating or preserving evidence

_____ (7)        Pending parallel investigations or action by government

__X__ (8)        Multiple use of experts

_____ (9)        Need for discovery outside United States boundaries

_____ (10)       Existence of highly technical issues and proof

__X__ (11)       Unusually complex discovery of electronically stored information

Plaintiff is not aware of a basis for asserting that this case unusually complex eDiscovery issues and so cannot agree with Defendants at this time.

## 3.    Counsel

The following individually-named attorneys are hereby designated as lead counsel for the parties:

**<u>For Plaintiff</u>**:
Stephen D. Morrison, III, Esq.
Patrick J. McDonough, Esq.
Jonathan S. Tonge, Esq.
Jennifer M. Webster
Andersen, Tate, & Carr, P.C.

1960 Satellite Boulevard, Suite 400
Duluth, Georgia 30097

**For Defendants**
Kori E. Wagner, Esq.
Marissa H. Merrill, Esq.
Tracy A. Gilmore, Esq.
Swift, Currie, McGhee & Hiers
1420 Peachtree Street NE, Ste. 800
Atlanta, GA 30309

4.    **Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

(  ) Yes            (**x**)  No

If "yes," please attach a statement not to exceed one (1) page, explaining the jurisdictional objection.  When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based.  Each objection should be supported by authority.

5.    **Parties to this Action:**

(a)    The following persons are necessary parties who have not been joined:

**Plaintiff: Any other persons or entities that owned, managed, operated, or controlled the hotel involved.**

**Defendants: Plaintiff's trafficker(s), whose real name is currently unknown to Defendants, and the unidentified "Johns" or buyers.**

(b)    The following persons are improperly joined as parties:

**Plaintiff: None.**

**Defendants:  Defendant Diplomat CT Hotels, LLC**

(c)    The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

**Plaintiff:**

**Defendants: The Defendants have been referred to properly in the Complaint, but as noted above, Defendant Diplomat CT Hotels, LLC has been improperly joined in this lawsuit.**

## 6.     Amendments to the Pleadings:

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15.  Further instructions regarding amendments are contained in Local Rule 15.

(a)     List separately any amendments to the pleadings which the parties anticipate will be necessary:

**Plainitff: None known at this time prior to completing discovery.**

**Defendants: Dismissal of Defendant Diplomat CT Hotels, LLC**

(b)     Amendments to the pleadings submitted LATER THAN 30 DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

## 7.     Filing Times for Motions

All motions should be filed as soon as possible.  The local rules set specific filing limits for some motions.  These times are restated below.

All other motions must be filed WITHIN 30 DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the Court to file later.  Local Rule 7.1A(2).

(a)     *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1B.

(b)     *Summary Judgment Motions*: within thirty days after the close of discovery, unless otherwise permitted by court order.  Local Rule 56.1D.

(c)     *Other Limited Motions*: Refer to Local Rules 7.2, 7.2B, and 7.2E,

-7-

respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d)    *Motions Objecting to Expert Testimony*: <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted.  Refer to Local Rule 7.2F.

**8.    Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed. R.Civ.P.26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.  NOTE: Your initial disclosures should include electronically stored information. Refer to Fed. R. Civ. P. 26(a)(1)(B).

**The parties agree that initial disclosures are appropriate in this action.**

**<u>Plaintiff:</u>**

**Plaintiff requests that the Court order that expert disclosures under Fed. R. Civ. P. 26(a)(2) be completed by the following deadlines:**

i.    **Affirmative Experts (for which the disclosing party bears the burden of proof): 60 days before close of discovery.**

ii.    **Rebuttal Experts: 30 days before close of discovery.**

**9.    Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court?  If so, please state the issues which could be addressed and the position of each party.

**The parties do not request a scheduling conference at this time.**

**10.    Discovery Period**

The discovery period commences July 30, 2026, which is 30 days after the appearance of the first defendant by answer to the complaint. As stated in L.R. 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) month discovery period, (b) four months discovery period, and (c) eight months discovery period.  A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F.  The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

The parties anticipate that discovery will be needed on the following topics,

however, the parties note that this list is not exhaustive and recognize that other

topics will likely arise through the normal course of discovery.

**The Parties believe that discovery will be needed on the following topics:**

a.      Identification and location of witnesses, including former and current employees of the Defendants;

b.      Defendants' alleged knowledge of trafficking for sex, prostitution, drugs, violent, and related crime at its facility;

c.      Any and all interactions Plaintiff J.H. allegedly had with any of Defendants' agents, representatives, employees, or other personnel at the facility;

d.      Plaintiff J.H.'s movements and location while at the hotel;

e.      The subsequent criminal investigation and prosecution of Plaintiff's traffickers;

f.      Communications between Plaintiff J.H. and her trafficker(s)

g.      Plaintiff's traffickers' use of online advertisement websites used  in conjunction with the alleged trafficking of Plaintiff;

h.      Plaintiff J.H.'s relationships with her trafficker(s);

i.      Whether Plaintiff J.H. sustained damages and if so, to what extent and in what amount;

j.      Whether Plaintiff J.H.'s damages are a result of any act or omission by Defendants, and if so, what those damages are; and

k.      Plaintiff J.H.'s evidence purportedly supporting her claims for punitive damages and attorney's fees against Defendants;

l.      Plaintiff J.H.'s damages as a result of any act or omission by their trafficker(s) or other individuals or entities not named in this lawsuit; and

m.      Plaintiff J.H.'s evidence purportedly supporting her claim for public nuisance and public nuisance per se against Defendants.

n.      Defendants' policies, procedures, and practice at their hotel regarding employee hiring, firing, retention, management, and training.

o.      Defendants' policies, procedures, and practice at their hotel regarding security and crime detection/prevention.

p.      Defendants' policies, procedures, and practice at their hotel regarding customer relations.

Other issues may arise as discovery proceeds. Accordingly, these categories are not exhaustive, and the Parties are free to seek any discovery that is proper under the Federal Rules of Civil Procedure.

If the Parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

Given the delays typically associated with subpoenas to government sources and other non-parties and the difficulties associated with locating and taking the depositions of a large number of non-party witnesses (many of whom may only be known to certain parties by aliases or nicknames), the parties agree that more than four months may be required.

-10-

**Plaintiff:**

Plaintiff agrees to a six (6) month discovery period and does not believe there is currently a basis for the prolonged discovery period Defendants request. Plaintiff requests that the Court order 6 months of discovery and order disclosure of expert witnesses with affirmative experts being disclosed 60 days *before* discovery closes and rebuttal experts being disclosed 30 days *before* discovery closes.

Alternatively, as the parties appear to agree that a deadline for expert discovery is needed but disagree about whether that should be before or after discovery (and for how long discovery should be total), Plaintiff is agreeable to four (4) months of fact discovery with affirmative experts disclosed 30 days after discovery closes and rebuttal experts disclosed 60 days after discovery closes. In no event does Plaintiff believe there is a need for more than six (6) months of discovery, inclusive of expert and fact discovery.

**Defendants:**

Defendants request a ten (10) month period discovery for fact discovery, which would close on May 30, 2027, and propose that affirmative experts be disclosed 30 days after the close of discovery by June 29, 2027 and that rebuttal experts, if any, be disclosed 60 days after the close of discovery by July 29, 2027. Defendants make this request for an extended discovery period because they

**have just learned of Plaintiff's allegations, which arise from incidents occurring 11-13 years ago, and because of counsel's experience litigating other similar cases, we have seen delayed responses to non-party requests, especially when referencing incidents more than 10 years ago, and the scheduling of various witness and expert depositions.**

**11.   Discovery Limitation and Discovery of Electronically Stored Information:**

(a)   What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

**The Parties anticipate that additional "fact" depositions may be necessary given the complexity of the subject case, the time period over which Plaintiff's claims stretch, and the number of Parties in the present case.  The Parties will meet and confer to discuss possible additional deposition allocations as the case and discovery process progresses. At this time, Plaintiff does not agree that additional depositions are needed but will meet and confer with Defendants about this issue as discovery progresses.**

(b)   Is any party seeking discovery of electronically stored information?

_____x_____ Yes                          _____ No

If "yes,"

(1)   The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF

-12-

files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

**The Parties agree to exchange non-privileged electronically stored information in searchable pdf/adobe format where practical, otherwise in native form, and to the extent possible, to preserve electronically stored information in original form in the event a question arises regarding same. The Parties agree that unless a file is a TIFF in its original form, they will not convert electronically stored information into a TIFF file for production without first discussing the matter with the opposing Party and seeking to reach an agreement. The parties also agree to work together to reach an agreement and file with the Court a protocol that will govern the production of ESI in this action. In the event the parties are unable to reach an agreement within a reasonable time following the submission of the Joint Preliminary Report and Discovery Plan, the parties will request a scheduling conference.**

12.    **Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

**The parties request that the Court order that expert disclosures under Fed. R. Civ. P. 26(a)(2) be completed by the following deadlines:**

**Plaintiff:**

i.    **Affirmative Experts (for which the disclosing party bears the burden of proof): 60 days before close of discovery.**

ii.    **Rebuttal Experts: 30 days before close of discovery.**

**Defendants:**

**None.**

13.    **Settlement Potential:**

(a)    Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference on July 9, 2026, and that they participated in settlement discussions. Other persons who participated in the discussion are listed according to party.

**For Plaintiff**:

Lead counsel signature:        /s/ *Stephen D. Morrison, III*

**For Defendants**:

Co-lead counsel Signature:      /s/ *Marissa H. Merrill*

(b)    All parties were promptly informed of all offers of settlement following discussion by all counsel, it appears that there is now:

(_____)        A possibility of settlement before discovery.
(__x__)        A possibility of settlement after discovery.
(_____)        A possibility of settlement, but a conference with the judge is
                    needed.
(_____)        No possibility of settlement.

(c) Counsel (__x__) do or (____) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.

(d) The following specific problems have created a hindrance to settlement of this case:

**Plaintiff**:

**Defendants**:    Defendants are continuing to investigate the claims and

-14-

allegations raised in Plaintiff's Complaint to consider a possible settlement.

## 14. Trial by Magistrate Judge:

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties (___) do consent to having this case tried before a magistrate judge of this court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day of _____, 20_____.

(b) The parties (__x__) do not consent to having this case tried before a magistrate judge of this court.

This 30th day of July, 2026.

| | |
|---|---|
| **ANDERSEN, TATE & CARR, P.C.** | **SWIFT, CURRIE, MCGHEE & HIERS** |
| */s/ Stephen Morrison* | */s/ Marissa Merill* |
| Stephen D. Morrison, III | Kori E. Wagner, Esq. |
| Georgia Bar No. 700828 | Georgia Bar No. |
| Patrick J. McDonough | Marissa H. Merrill, Esq. |
| Georgia Bar No. 489855 | Georgia Bar No. |
| Jonathan S. Tonge | Tracy A. Gilmore, Esq. |
| Georgia Bar No. 303999 | Georgia Bar No. |
| Jennifer Webster | ***Attorneys for Defendant*** |
| Georgia Bar No. 760381 | 1420 Peachtree Street NE, Ste. 800 |
| ***Attorneys for Plaintiff*** | Atlanta, GA 30309 |
| 1960 Satellite Boulevard, Suite 400 | Kori.wagner@swiftcurrie.com |
| Duluth, Georgia 30097 | Marissa.merrill@swiftcurrie.com |
| PHONE: (770) 822-0900 | Tracy.gilmore@swiftcurrie.com |
| smorrrison@atclawfirm.com | |
| pmcdonough@atclawfirm.com | |
| jtonge@atclawfirm.com | |
| jwebster@atclawfirm.com | |

SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

The close of discovery shall be _____. The Consolidated Pre-Trial Order shall be filed on or before _____, or within thirty (30) days after entry of the Court's ruling on any pending motions for summary judgment, whichever is later.

IT IS SO ORDERED, this _____ day of _____, 2026.


_____
JUDGE VICTORIA M. CALVERT
UNITED STATES DISTRICT JUDGE