**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| J.H.,<br><br>Plaintiff,<br><br>v.<br><br>CT HOTELS, LLC and DIPLOMAT CT HOTELS, LLC,<br><br>Defendant. | CIVIL ACTION FILE<br><br>NO. 1:26-cv-01430-VMC |

**NOTICE OF RULE 30(b)(6) DEPOSITION OF CT HOTEL, LLC**

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 30(b)(6), Counsel for Plaintiff will take the videotaped deposition of **DEFENDANT CT Hotel, LLC,** with respect to the topics set forth below. The deposition will take place on **November 17, 2026, at 10:00 a.m. ET, at Andersen, Tate, & Carr; 1960 Satellite Boulevard, Suite 4000, Duluth, GA 30097** and be conducted in person, or any location or by other means otherwise agreed to in writing. The deposition will be taken under cross examination before an officer duly authorized to administer oaths, by stenographic and/or videographic means, and will be taken for discovery, for use at trial, and for all permissible purposes. The oral examination will continue from day to day until completed.

Pursuant to Fed. R. Civ. P. 30(b)(6), Defendant is required to designate and

fully prepare one or more officers, directors, managing agents, or other persons who consent to testify on its behalf, and whom Defendant CT Hotel, LLC, will fully prepare to testify regarding the following designated matters and as to such information that is known or reasonably available to Defendant. Plaintiff reserves the right to seek relief from the Court in the event that the designated deponent is not properly prepared to testify on behalf of Defendant CT Hotel, LLC. with respect to each of the identified topics.

## MATTERS OF EXAMINATION

Defendant must designate and produce one or more knowledgeable representative to testify on its behalf regarding the following topics:

1. Defendant's knowledge regarding the creation, existence, retention, location, and/or production of materials produced or requested to be produced in discovery.
2. The methods, procedures, and efforts Defendant took to search for documents, materials, or information responsive to Plaintiff's discovery requests.
3. The ownership, operation, management, or control of the Motel 6 formerly located at 3585 Chamblee Tucker Road, Atlanta, GA 30341 (the "hotel") by Defendants or any other person from 2010 through its demolition, including the identity and information pertaining to all persons who

owned, leased, operated, managed, controlled, possessed, or otherwise had business at the hotel at any time.

4. The nature, circumstances, and reasons for the closure or change in operation at Defendant's hotel.

5. The identity, job title, job performance, job descriptions, and contact information of all individuals who worked at Defendant's hotel or were employed by the Defendant from 2012 through 2016, including whether each such individual still works for or at the hotel or for Defendant.

6. Defendant's knowledge of all employees, contractors, subcontractors, management companies, service providers, vendors, consultants, or other third-party entities engaged by or on behalf of the corporation from 2012 through 2016, including the identity of such entities, the nature and scope of their duties or services, the terms of their engagement, the duration of their involvement, and any communications, agreements, or oversight relating to their work.

7. Defendant's policies, procedures, training programs, and practices regarding its room rental, check-in, housekeeping, maintenance, and other routine operations and practices since 2012, including any change made to such policies, procedures, training programs, and practices.

8. Defendant's policies, procedures, training programs, and practices

regarding communication of information among employees, owners, or other persons with responsibility for or possession of the hotel.

9. A comprehensive description of all policies, procedures, and practices related to guest feedback and online reputation management, including:
    a. All policies, procedures, and practices related to Defendant's review and response process for guest complaints and online reviews;
    b. Defendant's policies, procedures, and practices related to addressing guest concerns; and
    c. All efforts Defendant has made since 2012 to monitor, address, and mitigate or otherwise respond to negative guest feedback.
10. Defendant's knowledge regarding the circumstances surrounding Plaintiff's sex trafficking that occurred at Defendant's hotel at all times and, specifically, from 2012 to 2016, including all employee interactions, communications, and/or observations of Plaintiff, her trafficker(s), any other sex traffickers (or "pimps"), individuals who had sex with Plaintiff or came to the hotel for the purpose of having sexual encounters, or law enforcement.
11. The documentary filmed in Atlanta called, "Children for Sale: The Fight to End Human Trafficking," which featured Defendant's hotel as one of

the properties where sex trafficking occurred in the Atlanta area.

12. Defendant's policies, procedures, and training programs related to crime prevention and deterrence since 2012. This may include:

a. All compliance, safety, training, and operational policies and procedures related to prostitution or sex trafficking awareness, identification, and prevention;

b. All employee training programs, education initiatives, or awareness campaigns related to prostitution or sex trafficking identification and prevention;

c. All policies and procedures related to reporting suspected instances of prostitution, sex trafficking, or other crimes, including internal reporting mechanisms and protocols for contacting law enforcement or other relevant authorities;

d. A complete and thorough description of all hiring, training, and supervision policies or standards followed by Defendant with its employees as they relate to guest safety or crime deterrence;

e. All oversight mechanisms in place to ensure compliance with relevant laws, regulations, industry standards, and internal policies related to prostitution, sex trafficking, or crime prevention, including training requirements for employees and managers;

f. All actions taken by Defendant to deter or prevent criminal activity, sexual assaults, rapes, commercial sex activity, prostitution, pimping, indecent exposure, sex trafficking, or other sex crimes occurring at Defendant's hotel and its premises;

g. All partnerships or collaborations with external organizations or agencies involved in addressing, preventing, or deterring prostitution, sex trafficking, or other crime; and

h. A comprehensive description of all security practices implemented at Defendant's hotel, including but not limited to the use of security cameras and security patrols.

13. Defendant's knowledge of any and all instances of criminal activity, sexual assaults, rapes, commercial sex activity, prostitution, pimping, indecent exposure, sex trafficking, or other sex crimes occurring at Defendant's hotel and its premises from 2012 to present, including all information known by Defendant regarding each such instance.

14. Defendant's knowledge of the existence and prevalence of prostitution and sex trafficking in and around the Atlanta area, and whether Defendant believed or perceived prostitution or sex trafficking to pose a potential risk at its property.

15. Defendant's knowledge of any reports or violations of any regulations or

other law at the hotel, including any inspections, citations, judgments, or orders by any regulating authority relating to the hotel.

16. Defendant's knowledge of all individuals who may have knowledge or serve as a witness to any facts or circumstances relevant to Plaintiff's claims against Defendant or Defendant's defenses.

17. The factual basis for each Defense raised in Defendant's Answer to Plaintiff's Complaint.

18. All information and documentation related to Defendant's insurance coverage and policy limits of such coverage, including all communications with, from, or by any insurance company regarding potential insurance coverage for Plaintiff's claims.

19. All instances from 2012 to present where Defendant has made any report to any third party, including without limitation law enforcement agencies, insurance companies, or financial lenders, of any criminal activity occurring at Defendant's hotel and its premises, including sexual assaults, rapes, commercial sex activity, prostitution, pimping, indecent exposure, sex trafficking or other sex crimes.

20. All investigations Defendant performed related to Plaintiff's sex trafficking.

21. The profits, expenses, budgets, and financial operation of the hotel and

Defendant, including all goods and services provided by or offered by or at the hotel and the amounts charged and actually collected for such goods and services.

22. If known, information relating to the ownership, operation, management, control, and possession of the hotel at anytime, including with respect to all the topics requested herein.

**DOCUMENTS**

Defendant shall electronically produce the following documents and things noticing counsel at least two (2) business days prior to the date of the deposition:

1. All documents which Defendant reasonably expects it will reference or rely upon when providing testimony regarding the above-referenced scopes.
2. All documents which the company reasonably expects will form the basis for its testimony regarding the above-referenced scopes.
3. All documents reviewed or created by Defendant's designated corporate representative(s) in preparing to testify under Fed. R. Civ. P. 30(b)(6), including emails and notes.
4. All documents responsive to Plaintiff's discovery requests that have not been produced.

**PLEASE TAKE NOTICE** that if you claim any information, documents or

thing sought or requested is privileged, protected by the work product doctrine, or otherwise not discoverable, please describe the nature of the documents, communications, or things not produced or disclosed in a manner that will enable Plaintiff to assess the applicability of the privilege or protection, including the legal and factual basis for withholding the requested discovery.

**PLEASE TAKE NOTICE** that these discovery requests are deemed continuing. Should you in the future discover any information relating to any of the above matters of inquiry, you are required to notify Plaintiff's counsel of this new or additional information by way of supplemental discovery responses.

Dated: November 9, 2026.

ANDERSEN, TATE & CARR, P.C.

*/s/ Stephen D. Morrison, III.*

PATRICK J. MCDONOUGH
Georgia Bar No. 489855
pmcdonough@atclawfirm.com
STEPHEN D. MORRISON, III
Georgia Bar No. 700828
smorrison@atclawfirm.com
JONATHAN S. TONGE
Georgia Bar No. 303999
jtonge@atclawfirm.com
JENNIFER M. WEBSTER
Georgia Bar No. 760381
jwebster@atclawfirm.com

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097

(770) 822-0900 | Telephone
(770) 822-9680 | Facsimile

## CERTIFICATE OF COMPLIANCE

Under Local Rules 5.1(C) and 7.1(D), I hereby certify that the foregoing filing complies with the applicable font type and size requirements and is formatted in Times New Roman, 14-point font.

ANDERSEN, TATE & CARR, P.C.

*/s/ Stephen D. Morrison, III.*

PATRICK J. MCDONOUGH
Georgia Bar No. 489855
pmcdonough@atclawfirm.com
STEPHEN D. MORRISON, III
Georgia Bar No. 700828
smorrison@atclawfirm.com
JONATHAN S. TONGE
Georgia Bar No. 303999
jtonge@atclawfirm.com
JENNIFER M. WEBSTER
Georgia Bar No. 760381
jwebster@atclawfirm.com

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 822-9680 | Facsimile